ROBERT H. ROSE and JOSEPH T. CAMPBELL, appellants, *vs*. HENRY CHOTEAU, appellee.

| 11 | 167 |
|----|-----|
| 194 | 438 |

*Appeal from Schuyler.*

To justify an appeal on the ground that the judgment relates to a freehold, the right of the freehold must have been directly the subject of the action, not incidentally or collaterally: and the judgment must be conclusive of the right, until it is reversed.

On motion to dismiss appeal.

R. S. BLACKWELL, for the motion :

An appeal is a proceeding unknown to the common law, and cannot be extended beyond the plain and obvious meaning of the statute granting it.    Wetherbee *vs*. Johnson *et al*., 14 Mass. R., 420 ; Murdock, appellant, &c., 7 Pick. R., 320–1 ; Street *vs*. Francis, 1 Ohio Cond. R., 573 ; Schooner Constitution *vs*. Woodworth, 1 Scam., 511 ; Bowers *vs*. Green, 1 Scam., 43. The statute allows an appeal, only where the judgment or decree is *final*, and shall amount, exclusive of costs, to $ 20, or relate to a franchise or freehold.    R. S., 420, sec. 47.    An order setting aside an execution, &c., is not a final judgment, within the meaning of this statute, but merely a decision upon a collateral or interlocutory point.    Brooks *vs*. Hunt, 17 John. R., 484 ; Robinson *vs*. Scott, 3 Litt. R., 233.    There is no judgment for any sum of money against the appellants, nor even a judgment

for costs. The appeal, then, if sustained at all, must be upon the ground that it relates to a freehold. But to authorize an appeal in such cases, the freehold must be directly involved in the action, and not incidentally. Hutchinson *vs.* Kellam, 3 Munf., 202, cited, 1 U. S. Dig., 170, sec. 137–8; Skipwith *vs.* Young, 5 Munf., 276; Briscoe *vs.* Briscoe, 3 A. K. Marsh. R., 498; Norton *vs.* Sanders, 3 J. J. Marsh., 396; Nichols *vs.* Hansel, 3 ibid, 442; Briscoe *vs.* Briscoe, 1 Litt. R., 363.

Browning & Bushnell, contra:

An appeal will lie in this case. The judgment below is final. It is final both in form and in effect. It not only settled principles, ascertained rights, but it adjudicated upon those rights and *ex vi termini* carried them into effect. Breading *vs.* Taylor, 6 Dana, 226.

The defendant in error admits that a writ of error lies in this case. This is an admission that the judgment is final. In this respect there is no difference between a writ of error and an appeal. Neither will lie except from a final judgment or decree. Hedges *vs.* Madison, 1 Gilm., 306; Poet *vs.* McGraw, 21 Wend., 667; Bank of Lexington *vs.* Taylor, 2 S. and M., 27. The judgment relates to a freehold, not incidentally, but as the direct object of the proceeding. The motion was based upon a question of title. The affidavits, the substitutes for pleadings, raise that question and no other, and the judgment acts directly upon title, and upon nothing else—divests it from one party and invests it in the other. Under the form of a common law motion it is really and substantially a proceeding in chancery; at most a concurrent, not an exclusive remedy. The judgment has the form, and requisites and operation of a chancery decree, not of an ordinary judgment at common law. And can there be a doubt that an appeal would lie from a chancery decree on the same facts, and affecting lands in the same manner? Can substance be merged in forms, and lands be affected or not affected by a judgment or decree, as we pass from one Court to the other? The whole reasoning of the Court in the case of Enos *vs.* Hunter, 4 Gilman, 211, shows that this is a judgment relating to a freehold. It may affect incidentally and subsequently interests *in personam*, but it acts and purports to act, not upon the person, but directly on title deeds—on title.

R. S. BLACKWELL, in reply :

Our statute granting appeals, is copied from the Virginia and Kentucky acts, and should receive the same construction. The decisions in those states show that the freehold must be directly, not incidentally, involved. The case of Hutchinson *vs.* Kellam is strikingly in point. The action was trespass *quare clausum fregit;* plea, *liberum tenementum;* upon which issue was joined, verdict for plaintiff, and judgment rendered thereon; from which defendant appealed. The damages not amounting to one hundred dollars, exclusive of costs, as required by the Virginia statute, the appeal was improvidently taken, unless it could be sustained upon the ground that the judgment appealed from " related to a freehold." The Court dismissed the appeal upon the ground that the freehold was not directly the subject of the action; yet the effect of the judgment was to conclude the title of the defendant. It is clear that if the defendant had afterwards brought ejectment against the plaintiff, for the purpose of trying his title and recovering possession of the freehold, the verdict and judgment in the action of trespass could have been set up as an estoppel. 3 East, 346. Or, if defendant should repeat the trespass, chancery would perpetually enjoin him, upon the ground that his title had been tried at law. 1 John. Ch. R., 166. The Kentucky cases are strong authorities in favor of the position taken by me. An action of forcible entry and detainer is a possessory action; possession is *prima facie* evidence of a freehold right, and though restitution was not awarded in those cases, and the possession was not, in fact, changed by the judgments appealed from, yet the verdict and judgments must necessarily conclude the parties as to the right of the possession. In the case at bar, the freehold is only incidentally involved, and neither the title or possession of the freehold is affected by the order appealed from.

Opinion by TREAT, C. J.:

Choteau recovered a judgment against Rose and Campbell, and, under executions issued thereon, purchased certain real estate, and received a conveyance from the officer. On his application, the Circuit Court set aside the executions, and all the proceedings under them; and Rose and Campbell prosecuted an

22

appeal from the decision setting aside the executions; which the appellee now moves to dismiss.

Appeals are allowed " where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold." Rev. Stat., chap. 83, sec. 47. The question before the Court related to the regularity of the proceedings under the judgments, and not to the title to the land. The Court held the proceedings to be irregular; it did not determine the rights of the parties in the cause. There was no adjudication of that question. To justify an appeal on the ground that the judgment relates to a freehold, the right of the freehold must have been directly the subject of the action—not incidentally or collaterally; and the judgment must be conclusive of the right, until it is reversed. The judgment in this case does not conclude either party from asserting title to the land. The effect of it may be to prevent Choteau from claiming title under the judgment, but he is not precluded from setting up title derived from any other source. The proper mode of reviewing the decision is by a writ of error. The appeal will be dismissed.

*Appeal dismissed.*