# SEPTEMBER TERM, 1900.

[No. 3925.]

## KNOWLES v. THE LOWER CLEAR CREEK DITCH COMPANY ET AL.

1. APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT—FREE-HOLDS—WATER RIGHTS.

A judgment sustaining a demurrer to and dismissing a complaint of a stockholder in a corporation whose charter has expired, praying for the appointment of a receiver to take possession of and sell a certain ditch, water rights and other property of the corporation and distribute the proceeds among the stockholders does not relate to or involve a freehold or franchise so as to give the supreme court jurisdiction to review it on appeal or error.

2. APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT—EFFECT OF JUDGMENT.

It is the effect of the judgment rendered and not the result of a judgment which might be rendered that determines the question of the jurisdiction of the supreme court to review such judgment. If the effect of the judgment upon the party seeking a review is not to deprive him of a freehold, then a freehold is not involved within the sense of the statute regulating appeals to the supreme court.

*Appeal from the District Court of Arapahoe County.*

APPELLANT, as plaintiff, brought this action in the court below, for the purpose of having a receiver appointed to take possession of, and sell, certain ditch, water rights, and other property, and distribute the proceeds among the stockholders of the Clear Creek Platte River Ditch & Mill Company. He claims this relief upon facts stated in his complaint, which are to the effect that the above named company was a corporation, organized under the laws of this state, the charter of which expired by limitation on the 12th day of July, 1893; that he is the owner of a part of one share of the stock of the defunct corporation; that at the time of the expiration of its charter it owned the property which he seeks to have dis-

posed of through a receiver; that at the time of the expiration of its charter, certain of the individual defendants were the directors of the corporation; that these defendants have never entered upon the performance of the duties imposed upon them by law, by virtue of their relationship to the company at the time its charter expired, but have wholly refused to act in that capacity, or as trustees of the stockholders of the corporation with respect to its property; that they and the remainder of the individual defendants, except Sigler, have conveyed to the Lower Clear Creek Ditch Company their individual interests in the assets and property of the defunct corporation, and that the Lower Clear Creek Ditch Company has taken possession of all the estate and property, both real and personal, of the Clear Creek Platte River Ditch & Mill Company, and refuses to recognize his right in and to any of such property. To this complaint a general demurrer was interposed by the defendant, the Lower Clear Creek Ditch Company, which was sustained, and plaintiff electing to stand by his complaint, on motion of the defendant demurring, his action was dismissed. From this judgment he brings the case here on appeal.

Section 619, 1 Mills' Ann. Stats., provides: "Upon dissolution by expiration of its charter * * * of any corporation * * * unless some other person * * * be appointed by some court of competent jurisdiction, the board of directors * * * of such corporation * * * acting last before the time of their dissolution * * * shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power to settle the affairs of the same; * * * to have, hold, reserve, sell and dispose of property, real and personal, of any such corporation dissolved; to adjust and pay all the debts of the corporation dissolved; to divide the residue of the moneys and property belonging to the corporation dissolved, after payment of debts and the necessary and reasonable expenses, among the stockholders holding stock in such corporation, in proportion to the amount paid upon such stock of each stockholder."

Counsel for appellees contend that this court has no jurisdiction to entertain the appeal, for the reason that neither a freehold nor franchise is involved.

Mr. FRANK I. WILLSEA, for appellant.

Mr. HUGH BUTLER, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

A rehearing was granted for the one purpose of reconsidering the question of the jurisdiction of this court to entertain this appeal. Counsel for appellant contends that the action relates to both a franchise and a freehold. Counsel for appellees suggest that jurisdiction might attach on error, but that it cannot on appeal. This distinction is not tenable. The code of civil procedure provides that appeals shall lie from the district to the supreme court in all cases where the judgment appealed from relates to a franchise or freehold. Sec. 388, Mills' Ann. Code. This provision is not affected by the act creating the court of appeals. The latter does provide, however, that no appeal or writ of error to the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found, exceeds $2,500, exclusive of costs; but this limitation does not apply where the matter in controversy relates to a franchise or freehold. Sec. 406a Mills' Ann. Code. Measured in money, the judgment rendered in this cause is only for costs; therefore, its nature is such that unless some question is presented which gives this court jurisdiction, it is without authority to review it, either on appeal or error (sec. 406a supra), so that, under the act creating the court of appeals, unless a freehold or franchise is involved (no other jurisdictional question being suggested), the supreme court cannot review the judgment of the trial court in either of the ways provided by the code; but if there is, then it may be reviewed here, either on appeal or error.

Ditch and water rights are freehold estates. *Wyatt v. Larimer & Weld Irr. Co.*, 18 Colo. 298; *Daum v. Conley, ante,* p. 56. The question as to when a freehold is involved within the sense of the statute relating to appeals and writs of error is often difficult to solve. So far as the decisions of this court are concerned, no rule has been announced which would be an infallible test in all such cases; perhaps, one cannot be formulated, because the circumstances under which the question may arise are so varied. Plaintiff is not seeking to recover an interest in a freehold. No title to an interest in the ditch and water rights mentioned is vested in him by virtue of an ownership of stock in the defunct corporation. If that legal entity was still in existence, the title to such ditch and water rights would be vested in it. Morawetz on Corporations, § 233. According to the theory upon which the complaint of plaintiff is framed, and the statute upon which he relies for the relief demanded, the title to such property is vested in certain individuals. The ultimate object of the action is to wind up the affairs of the defunct corporation, dispose of its property, and have the proceeds distributed among its stockholders. This appellant seeks to accomplish through a receiver. In a measure it may be said that for this reason the cause relates to or involves a freehold, but these terms are synonymous. *Wyatt v. Larimer & Weld Irr. Co., supra; McClelland v. Hurd,* 21 Colo. 197.

The judgment of the trial court has not divested plaintiff of any freehold estate. It is only to the effect that he is not entitled to the relief which he seeks. True, if he is granted the relief demanded by the method sought, it will result in divesting the appellees of whatever title they may have in a freehold. This, however, is immaterial, for they are not complaining. As applied to the facts in this case, it is the actual effect, and not the result of a judgment which might be rendered which furnishes the test of whether a freehold is involved or not. In other words, if the effect of the judgment upon the party seeking a review in this court has not been to deprive him of a freehold estate, then one is not involved, with-

in the sense of the statute regulating appeals to this court. *Harvey v. Travelers' Ins. Co.*, 18 Colo. 354; *McCelland v. Hurd, supra; Rose* v. *Chotau*, 11 Ill. 167.

For the same reasons, a franchise is not involved. We conclude, therefore, that we were in error in previously holding that this court had jurisdiction. The former opinion is withdrawn, the judgment rendered thereon vacated, and the appeal dismissed without prejudice for want of jurisdiction.

*Appeal dismissed.*