[No. 4320.]

## PARK v. PARK.

APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT—FREEHOLD.

An action by a wife against her husband for separate maintenance in which she joined the husband's brother for the reason as charged that the husband had conveyed his real estate to the brother without consideration and in which the wife claimed no specific part of the real estate but merely sought to have whatever judgment she might obtain against her husband decreed a lien upon the realty standing in the brother's name superior to any claim of the brother, does not involve a freehold so as to give the supreme court appellate jurisdiction.

*Error to the District Court of Arapahoe County.*

*On Motion to Dismiss Writ of Error.*

Mr. T. W. HOYT for plaintiff in error.

Mr. M. J. BARTLEY for defendant in error.

*Per Curiam*—As we understand the pleadings in this case, plaintiff in error is the wife of defendant in error, Charles H. Park; that she brought this action against him solely for the purpose of compelling him to grant her separate maintenance and support. In this proceeding she joined defendant in ·error, William S. Park, for the reason, as charged, that the real estate of .her husband stood in the name of the latter to whom it was conveyed without consideration. The object of this joinder appears to have been for the purpose of having any judgment she might obtain against her husband decreed a lien upon the realty standing in the name of William S. Park superior to any claim of his. We do not understand that she claims any specific part of this real estate. Inasmuch as she is not seeking to recover a freehold in this property, the mere fact that the question is in-

volved as to which of the two defendants in error may be the owner, does not involve a freehold so far as she is concerned, for by the judgment of the court below, she has not been deprived of one herself—*Knowles v. Lower Clear Creek Ditch Co.*, 27 Colo. 469; 63 Pac. Rep. 317.

As there is no other question involved which would give this court jurisdiction, the motion of defendants in error to dismiss the writ of error is sustained.

*Motion Sustained.*