[No. 4319.]

CURRIER v. JOHNSON.

1. Appellate Practice—Jurisdiction—Estates of Decedents—Constitutional Question.

In an action to obtain a construction of a will whereby an estate was devised to trustees to be administered and controlled by them in the interest of certain parties holding a life interest in the trust estate and others as residuary legatees, an issue as

to whether the estate was "an estate of a deceased person" such as section 23, article 6, of the constitution confers original juris-diction in, upon county courts, or whether it is a separate and distinct trust estate over which the district court would have original jurisdiction, does not involve the construction of said section of the constitution so as to give the supreme court juris-diction to review the same on that ground..

2. Same—Freehold.

In an action by certain persons holding a life interest in a trust estate and others as residuary legatees against the execu-tors to obtain a construction of the will a decision that the legal title of the trust property, after the executors named in the will had resigned, became vested in their successors, appointed by the county court, did not affect the equitable title of plaintiffs so as to give the supreme court jurisdiction to review the decision on the ground that a freehold was involved.

3. Same.

In an action in the district court by persons holding a life interest in a trust estate and others as residuary legatees against the executors to obtain a construction of the will, where the dis-trict court dismissed the action on the ground that the county court had exclusive original jurisdiction of the subject-matter of the action, a recital in the decree of the district court to the effect that the court was of opinion that the legal title vested in the executors named in the will, was divested by their resigna-tion and became vested in their duly appointed successors, was not a trial or determination of title so as to give the supreme court jurisdiction to review the same on the ground that a free-hold was involved.

*Error to the District Court of Weld County.*

*Transferred from Court of Appeals.*

Mr. ARTHUR M. EDWARDS, Mr. D. E. CARPENTER, Mr. C. D. TODD and Mr. H. E. CHURCHILL, for plain-tiffs in error.

Mr. H. N. HAYNES and Mr. J. W. McCREERY, for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought in the district court of

Arapahoe, transferred later to that of Weld, county. Its avowed purpose is to obtain a construction of the will of Warren Currier, deceased. The will was filed for probate in the county court of Weld county. Among other things, it creates and provides for the management of what counsel call a "spendthrift trust," composed of both real and personal property, and the executors named in the will were therein empowered to control and administer it. An additional, or incidental, object of the suit was to secure a review in this equitable action by the district court of various rulings made by the county court during the progress of the administration of the estate therein, the contention being, as we understand it, that the county court had jurisdiction only of the administration of the estate of the decedent, which long since has, or ought to have, been settled; and that since the trust estate created by the will which came into being as such when the estate of the decedent was, or should have been, settled and distributed, amounts to more than two thousand dollars, the county court has no jurisdiction concerning it; but that when the trust estate sprang into existence the proper district court is the only judicial tribunal that has power to supervise its management.

Some of the plaintiffs hold a life interest in the trust estate, others are residuary legatees. The defendants were, or had been, executors or were otherwise interested in the property. The district court held that the county court had sole and exclusive jurisdiction of the subject-matter of the litigation upon the ground that it constituted the estate of a decedent which was being administered by the proper county court on the probate side. From that decision the case was taken on error to the court of appeals by the plaintiff. The defendants in error (who were defendants below) had the cause removed to this

court upon the ground that, under the court of appeals act, two elements which gave this court jurisdiction are present, namely, that a construction of a constitutional provision is necessary to the decision and a freehold is involved. Upon the oral argument the court, *sua sponte,* raised the question of its jurisdiction, and briefs were thereafter submitted, and counsel on both sides are inclined to the view that the case should remain here. It is clear, however, that jurisdiction to entertain the cause is lacking.

1. Unless the construction of a constitutional provision is fairly debatable and necessary to a determination of the controversy, it does not invoke our jurisdiction. Section 23 of article 6 of our constitution confers upon county courts original jurisdiction in all matters of probate and settlement of estates of deceased persons. It is urged that, in holding under this section that the county court had sole and exclusive jurisdiction of the pending controversy, the district court thereby and therein construed a constitutional provision against the contention of plaintiffs, which they may have reviewed here. Whether the decision was right or wrong is not now material, but it is not true that the decision of the case was necessarily, or at all, based on a construction of this section. There is no dispute here, nor was there below, as to its meaning. Both parties concede, and it would be so if they did not, that if the subject-matter of the controversy, namely, the so-called trust estate, is an "estate of a deceased person," as that expression is used in this section, the county court has jurisdiction of this cause of action; if it is separate and distinct and different therefrom, the district court has supervision of the estate, and of plaintiffs' alleged grievance. The real point, therefore, to be decided is whether the subject-matter of the controversy is an estate of a deceased person or a separate and distinct

trust estate. The solution of this question does not depend upon a construction of the constitutional provision in question. The character of the estate concerning which the litigation is waged is to be determined from the will itself, and general principles of law, without reference to any debatable constitutional question; hence the cause is for the court of appeals, unless a freehold is involved.

2. The district court dismissed the action because it had not jurisdiction of the subject-matter. Yet, counsel say, it decided that the legal title of the trust property, after the executors named in the will had resigned or died, became vested in their successors, appointed as such executors by the county court. It is, therefore, argued that there was not only a trial of the legal title, but a decision that it was vested in certain persons.

It may be observed that if such adjudication was, in fact, made, the former executors would be the ones to complain, but they are not here objecting. Those holding life interests, as well as the residuary legatees, could not be affected by such holding, for all the parties agree that they have the equitable title, and the ruling could by no possibility be construed as divesting that.—*Park v. Park*, 28 Colo. 447.

But we have carefully examined the record and the decree, and find no trial or determination of title. It is true that in the recital portion of the decree the trial court expressed the opinion that the legal title, vested in the executors named in the will, was divested when they resigned or died, and became vested in their duly appointed successors. But that observation was purely gratuitous, and no order of the court to that effect was made. The decree is absolutely silent on this point. If, however, this expression of opinion would ordinarily carry the inference that this argument advances, the record

and the full decree show the fallacy of the contention. For it is conceded that the district court dismissed the action—and the decree so declares—because it was of opinion that the county court had exclusive jurisdiction of the subject-matter of the controversy. This being true, it would be such an inconsistency for the trial court to make an adjudication of the title of the real property that, unless the decree·itself compels us to do so, we must not presume that that tribunal would determine such a question after having decided that it had no jurisdiction whatever except to enter an order of dismissal.

Neither one of these elements of our jurisdiction is present in this case, and as there are no other features that invoke it, the cause is remanded to the court of appeals.

*Remanded.*