[No. 4614.]

FAHEY ET AL. v. FAHEY, ADMINISTRATRIX.

1. **Appellate Practice—Dismissal.**

The general rule is that an appellant or plaintiff in error is entitled to dismiss his appeal or writ as a matter of right, and this right should be fully protected in the absence of a showing that the appellee or defendant in error would be prejudiced thereby.

2. **Appellate Practice—Jurisdiction of Supreme Court.**

The supreme court has not jurisdiction to review a judg-

ment for less than $2,500 rendered in an action for separate maintenance independent of a proceeding for divorce.

*Error to the District Court of the City and County of Denver.*

*Motion to Dismiss Writ of Error.*

Mr. N. Q. TANQUARY and Mr. CHARLES ROACH, for plaintiffs in error.

Mr. E. S. WORRELL and Mr. L. D. HOBSON, for defendant in error.

*Per Curiam.*—Motion of plaintiffs in error to dismiss the writ of error. Defendant in error resists. The general rule is that a plaintiff in error, or appellant, is entitled, as a matter of right, to dismiss his writ or appeal. And in the absence of some showing that the defendant in error, or appellee, would be prejudiced thereby, it would seem that this right should be fully protected.—*Becker v. Henderson,* 5 Colo. 346; 7 Enc. Pl. & Pr. 906.

The defendant in error here has no right that would be prejudiced by granting this motion. And in this case, even if she had assigned cross-errors, that would not serve to retain the writ, for the application to dismiss must be granted upon the ground that this court has not jurisdiction to entertain the writ of error. The motion is resisted by defendant in error because she says plaintiffs in error have not, either in their motion to dismiss or in their brief in support thereof, set forth a copy of the judgment sought to be reviewed, or presented in the proper way the questions which are involved in the action.

This court in *Lochbrunner v. Sherman et al.,* 26 Colo. 164, and in *Bank v. Montrose County,* 27 Colo. 312, held, that upon a motion to dismiss an appeal for want of jurisdiction the court will not *in limine*

determine it, unless the party making the motion in the proper way advises the court of the nature of the questions involved in the appeal. The same rule applies, of course, to a writ of error. It will be observed that in both of these cases the motion was contested. Here plaintiffs in error move to dismiss their own writ, and while they have not with that particularity which is required in cases of contested motions indicated the parts of the record supporting their motion, we think it sufficiently appears from their brief that this court has not jurisdiction to review the decree of the court below. The action was for separate maintenance, entirely independent of a proceeding for divorce, and the only judgment sought to be reviewed is for less than one thousand dollars, and no other element of the court of appeals act giving us jurisdiction is present in the case.—*Park v. Park,* 28 Colo. 447; *Mitchell v. Mitchell,* 31 Colo. 209.

It therefore appearing that the court is lacking in jurisdiction, the writ of error is dismissed without prejudice, at the costs of the plaintiffs in error. ·In accordance with their request they may withdraw the transcript of record and bill of exceptions, assignment of errors, affidavit of J. F. Girardot, their abstract of record and briefs. Permission will also be given to defendant in error to withdraw her brief.

*Writ dismissed without prejudice.*