[No. 8102.]

## WOLFF ET AL. v. THE FARMERS' HIGHLINE CANAL AND RESERVOIR CO. ET ALS.

SUPREME COURT—*Jurisdiction*—*Error to the Court of Appeals.* A judgment of the court of appeals merely reversing a judgment of the district court, authorizing a change in the point of diversion of water, does not relate to a franchise or freehold of the petitioners; and where there is no award of money, and no provision of the state or federal constitution is brought in question, the supreme court has no jurisdiction to review such judgment of the court of appeals (Laws 1911, c. 107, § 6).

*Error to the Court of Appeals.*

Mr. JOHN R. SMITH, Mr. T. H. THOMAS, Mr. RICHARD WOLFE, for plaintiffs in error.

Messrs. WHITFORD & MAY, Mr. FRANK N. BANCROFT, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1.   This proceeding was brought by Wolff and others in the district court for the City and County of Denver, to change the point of diversion of certain adjudicated water rights in Water District No. 7. The district court entered a decree granting the change. The case was appealed to the supreme court and transferred by it to the court of appeals under the provisions of chapter 107 S. L. 1911, where the judgment of the district court was reversed. (See *Farmers' Co. v. Wolf*, 23 Colo. App. 570, 131 Pac. 29.) Petitioners in the district court, plaintiffs in error here, then sued out a writ of error from this court to review the judgment of the court of appeals, which protestants in the district court, defendants in error here, moved to dismiss, on the following grounds: that this court is without jurisdiction because the judgment of the court of appeals does not relate to a franchise

or freehold; that there was no money judgment for more than $5,000.00; and no provision of the state or federal constitutions necessarily involved in the decision.

2.   The motion to dismiss the writ of error will be sustained.   Section 6. of the act creating the court of appeals, provides:

"That in causes thus transferred from the supreme court to the court of appeals, whether pending on appeal or error, wherein the decision necessarily involves the construction of a provision of the federal or state constitution, or relate to a franchise or freehold, or a judgment for more than $5,000, exclusive of costs, such decision thereof by the court of appeals shall not be final.   Such cases may be reheard in the supreme court by writ of error from the latter court, under rules to be adopted by it."

We think by the provisions of this chapter, the judgment of the court of appeals is final, and this court is without jurisdiction to review it upon error.   The judgment of the court of appeals, reversing the decree of the district court allowing the change in the point of diversion, does not deprive petitioners of any freehold interest they possess in the water rights.   The freehold in such case is not affected or involved within the meaning of the statute.—*Knowles v. Ditch Co.*, 27 Colo. 469, 63 Pac. 317; *Park v. Park*, 28 Colo. 447, 65 Pac. 38.

*Motion sustained and writ dismissed.*

Decision *en banc.*