[No. 8006].

POUDRE VALLEY RESERVOIR COMPANY ET AL. v. LARIMER COUNTY CANAL No. 2 IRRIGATING COMPANY ET AL.

SUPREME COURT—*Jurisdiction—Franchise or Free Hold*—A decree of the court of appeals upon an application to change the point of diversion of water for irrigation does not relate to a franchise or free-hold. No writ of error lies to review such decree.

*Error to Court of Appeals.*

Mr. CHARLES D. TODD, for plaintiffs in error.

Mr. H. N. HAYNES, Mr. L. R. RHODES, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought by The Poudre Valley Reservoir Company and others in the district court of Larimer county to change the point of diversion of 26.07 second feet of water decreed to the Canon canal in water district No. 3. The trial court allowed the change, and directed the water commissioner to divert all of this water into the new point of diversion, the Poudre Valley canal, in the same manner as though said quantity had

been decreed thereto in the general adjudication proceedings of 1882 for that district, although the Poudre Valley canal was not constructed until after 1900, and was of capacity and length nearly ten times greater than the Canon canal, and was intended to irrigate a much larger acreage from the river, as well as capable of supplying water for land lying under the Canon canal which it paralleled for a short distance below its headgate. The case was appealed to this court and transferred by it to the court of appeals under the provisions of chapter 107, Laws 1911, where the judgment of the district court was reversed.—*Larimer Company v. Poudre Valley Company*, 23 Colo. App. 249, 129 Pac. 248. This writ of error is to review the judgment of the court of appeals.

The defendants in error move to dismiss. They claim, that this court is without jurisdiction because the judgment by the court of appeals does not relate to a franchise or freehold; that there was no money judgment for more than $5,000.00; and that no provision of the state or federal constitution was necessarily involved. In their petition the plaintiffs in error allege that they, other than the corporation, are the owners of 26.07 second feet of water decreed to the Canon canal, and hold the legal title thereof, subject to the terms and conditions of a contract of sale in part performed by the other plaintiff, The Poudre Valley Reservoir Company, and upon the performance of which contract the company will become the owner of this water. In their protest and objections to this change, the defendants in error did not deny the allegation of ownership of the waters claimed by the plaintiffs, as set forth in their petition, but to the contrary practically admit it, for in addition to other allegations of injury to them, which will follow such a change in the point of diversion, they allege that this water, the 26.07 second feet, describing it in detail, owned by the plaintiffs, was at all times, when diverted in the Canon

canal, used to irrigate not to exceed 274 acres of land lying under and near said Canon canal and near certain streams, that said canal was only two and one-half miles long. This is followed with alleged facts pertaining to its operation, the irrigation of the lands thereunder, the amount of return waters therefrom, and other sundry reasons why this change will be injurious to them. In its judgment the district court recognized that the plaintiffs were the owners of this water, and ordered the point of diversion changed for the entire amount. Upon review the court of appeals recognized that the plaintiffs were the owners of this water to the extent of their decrees therefor, as such decrees had been interpreted by former opinions of this court, but reversed the cause and remanded it for a new trial, with instructions pertaining to facts to be ascertained upon which the amount and the method of the transfer are to be determined, so as not to injure other appropriators, which it was held the judgment of the trial court would permit.

It will thus be observed that viewed from any standpoint, the real question presented for determination is the right of the plaintiffs in error to change the point of diversion of certain waters, and the purpose of this writ is to have this court review the opinion of the court of appeals upon this question. This does not relate to a franchise or a freehold within the meaning of section 6 of the act creating the court of appeals.—(Laws 1911, p. 269). *Wolff v. Farmers' High Line Co.,* 135 Pac. 789; *Park v. Park,* 28 Colo. 447, 65 Pac. 38; *Knowles v. Lower Clear Creek Ditch Co.,* 27 Colo. 469, 63 Pac. 317; *Monte Vista Canal Co. v. Centennial Irrigating Ditch Co.,* 22 Colo. App. 364, 123 Pac. 831.

The motion to dismiss will be sustained.

*Dismissed.*

Decision *en banc.*