THE MAYOR AND CITY COUNCIL OF ROODHOUSE

*v.*

MATTIE E. BRIGGS.

*Opinion filed February 21, 1902.*

1. MANDAMUS—*essential features of answer to petition for mandamus.* A proceeding for *mandamus* is a suit at law, and if the respondent answers he must deny the facts alleged in the petition, on which the claim is founded, or confess and avoid by setting up other facts showing that he is under no obligation to perform the act.

2. SAME—*facts not denied by respondent's answer are admitted.* All facts properly set forth in a petition for *mandamus* which are not denied by the respondent in express terms are admitted to be true as in other pleadings at law.

3. SAME—*the petitioner should reply to answer as in other cases at law.* The petitioner should reply to the respondent's answer as in other cases at law, and it is irregular and contrary to the statute and the established practice for him to file the ordinary replication to an answer in chancery.

4. APPEALS AND ERRORS—*jurisdiction is determined by questions involved in the appeal.* The fact that a freehold may have been involved in the trial court does not justify a direct appeal to the Supreme Court if the questions involved under the assignments of error have no relation to a freehold.

5. SAME—*when freehold is not involved on appeal.* A freehold is not involved on appeal from a judgment awarding a writ of *mandamus* to compel a city to pass an ordinance to disconnect territory, where the only question in controversy was whether part of the premises had been platted into lots and blocks.

6. SAME—*exception is not preserved in the record by recital of the clerk.* An exception can only be made a part of the record by being inserted in the bill of exceptions, and it is not sufficient that the record written by the clerk recites that an exception was taken.

MAGRUDER, J., dissenting.

APPEAL from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

ALFRED B. DAVIS, City Attorney, and J. W. STARKEY, for appellants.

D. J. SULLIVAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the petition of appellee the circuit court of Greene county entered a judgment against appellants awarding a peremptory writ of *mandamus* directing them to disconnect from the city of Roodhouse the territory described in the petition. From that judgment an appeal was taken to this court, and a motion has been made by appellee to dismiss the appeal for want of jurisdiction, because no freehold is involved.

The question is whether a freehold is involved in the issue presented in this court upon the assignments of error. Even if a freehold had been involved in the suit in the circuit court, an appeal would not lie directly to this court upon assignments of error having no relation to the freehold. The jurisdiction of this court is to be determined by the questions involved in the appeal. (*Malaer* v. *Hudgens*, 130 Ill. 225; *Moore* v. *Williams*, 132 id. 591.) The statute under which the petitioner claimed a right to the writ of *mandamus* provided for disconnecting territory from cities and villages upon the petition of the owners representing a majority of the area of such territory being upon the border and within the boundary of a city or village and not laid out into city or village lots or blocks. (Hurd's Stat. 1899, chap. 24, par. 206, p. 294.) The petition for the writ set forth that the petitioner was the owner in fee simple of the premises therein described; that said premises were upon the border and within the boundary of the city of Roodhouse, and not laid out into city or village lots or blocks; that all city taxes or assessments due had been fully paid; that petitioner, ten days before a regular meeting of the city council of said city, filed her petition with the city clerk setting forth said facts, and accompanied with a certificate of the county clerk showing that all city taxes or assessments due up to the time of presenting said pe-

tition had been fully paid, and praying the city council to disconnect the premises from said city, as required by said statute. The petition for the writ further alleged that the city council, at a regular meeting, rejected and denied said petition and refused to disconnect said territory, and refused the demand of petitioner, made at said meeting, to disconnect said territory from said city.

A proceeding for *mandamus* is a suit at law, and if the respondent answers he must deny the facts alleged in the petition on which the claim of the relator is founded, or confess and avoid by setting up other facts showing that he is under no obligation to perform the act sought to be coerced. All facts properly set forth in the petition which are not denied by the respondent in express terms are admitted to be true, as in other pleadings at law. (*Chicago and Alton Railroad Co.* v. *Suffern*, 129 Ill. 274; *People* v. *Crabb*, 156 id. 155; 13 Ency. of Pl. & Pr. 734.) In this case the respondent answered and made no denial of any fact alleged in the petition, except the facts that petitioner was the owner in fee simple of all the land described in her petition, and that no part of said premises was laid out in town lots,—both of which were denied. The other allegations of the petition were therefore admitted. It was then incumbent on the petitioner to reply to the answer as in other cases at law, but instead of doing so the ordinary replication to an answer in chancery was filed. This was irregular and not in accordance with the statute or the established practice. (*People* v. *Town of Waynesville*, 88 Ill. 469.) There seems, however, to have been a waiver of a formal issue of fact, as a jury was waived and the cause was submitted to the court without objection of either party. At the trial the only contest was whether a part of the premises was platted in lots and blocks. The land sought to be disconnected consisted of farming land and a tract off from the farm which had once been included in a platted addition to the city of Roodhouse. A deed of vacation of part of the

plat, covering the land in question, had been made, and
the only question in dispute was whether that deed was
effective to vacate that part of the plat.    There was no
controversy as to petitioner's ownership in fee simple if
the premises were not, at the time the petition was pre-
sented, still platted in lots and blocks.    The title to the
freehold could not be affected in any manner by the find-
ing of the issue made by the pleadings or at the trial,
one way or the other.    If the land was platted in lots and
blocks it was not such territory as could be disconnected
under the statute, and if the petition was insufficient be-
cause not signed by owners representing a majority of
the area of the land sought to be disconnected, the coun-
cil would not be bound to grant the petition, but neither
of these questions involved the freehold itself or brought
it in issue.    In *Rose* v. *Choteau*, 11 Ill. 167, it was said:
"To justify an appeal on the ground that the judgment
relates to a freehold, the right of a freehold must have
been directly the subject of an action,—not incidentally
or collaterally; and the judgment must be conclusive of
the right, until it is reversed."    The decision of the issue
made in this case would not conclude any party from
asserting title to the land.

But if it could be said that the freehold estate in the
premises sought to be disconnected was in any manner
involved in the trial court it is not involved or put in
issue in this court.    The trial court found the issue of
fact for the petitioner, and no exception was taken to the
finding or judgment of the court.    In such a case error
cannot be assigned on the decision of the issue of fact.
The record written by the clerk recites that exception
was taken to the finding and judgment, but no exception
appears in the bill of exceptions, and an exception can
only be made a part of the record by being inserted in
the bill of exceptions.    (*Force Manf. Co.* v. *Horton*, 74 Ill.
310; *Martin* v. *Foulke*, 114 id. 206.) There is, therefore, no
question before this court involving a freehold.

It is argued that the judgment entered was erroneous in awarding costs against the defendants, the mayor and city council of the city of Roodhouse, defending as offi-cers of the municipality. But that question does not in-volve a freehold, and there is no ground upon which an appeal could be taken from the circuit court to this court.

The appeal is dismissed.                    *Appeal dismissed.*

Mr. JUSTICE MAGRUDER, dissenting:

A motion has been made in this cause by appellee to dismiss the appeal for an alleged want of jurisdiction in this court. This motion was reserved to the hearing of the cause.

It is alleged by appellee, that no freehold is involved, and that, therefore, this appeal should have been taken to the Appellate Court. I think that a freehold is involved, and that the appeal has been properly brought here.

A freehold is involved, not only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also in cases where the title to a freehold is so put in issue by the pleadings, that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate. (*Sanford* v. *Kane*, 127 Ill. 591; *Malaer* v. *Hudgens*, 130 id. 225). Any interest in lands in the nature of a perpetual easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold. (*Chaplin* v. *Comrs. of Highways*, 126 Ill. 264).

This proceeding is brought under the act of May 29, 1879, "in relation to the disconnection of territory from cities and villages," the first section of which provides "that whenever the owners representing a majority of the area of land of any territory within any city or vil-lage, and being upon the border and within the boundary thereof, and not laid out into city or village lots or blocks,

shall petition the city council of such city, or the trustees of such village, praying the disconnection of such territory therefrom; such petition shall be filed with the city clerk of such city, or the president of the trustees of such village," etc.    (Hurd's Stat. 1899, pp. 294, 295).

The present petition for *mandamus* alleges that appellee is the owner in fee simple and the sole and absolute owner of the premises sought to be disconnected and of the entire area thereof.  The answer denies that appellee is the owner in fee simple of the premises and the sole and absolute owner of the entire area thereof.  The statute contemplates that the petition, to be filed with the city council for the disconnection of the territory, shall be presented by the "owners," etc.  The fact of ownership is thus made material by the statute itself, and, in this case, the allegation of ownership by the petitioner is denied by the answer.  The title of the petitioner is thus directly put in issue by the pleadings.  In addition to this, it seems that the premises sought to be disconnected were originally platted into lots and streets and alleys; and that appellee introduced a deed of vacation for the purpose of showing that the portion of the plat, embracing the territory sought to be disconnected, was vacated.  The determination of the question, whether or not the premises sought to be disconnected were actually laid out into city lots, depended upon the validity of the deed of vacation.  If the plat was valid either as a statutory or common law dedication, and there was an acceptance by the city, then either the fee simple title to the land embraced in the streets and alleys, or an easement in such streets and alleys, was vested in the city; and if the deed of vacation was valid, then the city was divested of its interest in the streets and alleys, whether such interest was a fee simple title or a mere easement. In any view of the case, therefore, it would seem that a freehold is involved; and, this being so, the motion to dismiss the appeal ought to be overruled.