CARTER COUNTY et al. v. SCHMALSTIG.

(Circuit Court of Appeals, Sixth Circuit. January 18. 1904.)

No. 1,213.

1. COUNTIES—JUDGMENTS—ENFORCEMENT—TAX LEVY—MANDAMUS—NATURE OF PROCEEDING.

A writ of mandamus, issued after judgment against a county, to compel the levy of a tax, to pay the same, is a proceeding at law in the nature of an execution to enforce satisfaction, and is not a proceeding in equity.

2. SAME—MODE OF REVIEW

An order directing the issuance of mandamus against a county to compel the levy of a tax to pay a judgment recovered against it is reviewable by writ of error, and not by appeal.

3. SAME—DISMISSAL.

Where an appeal was erroneously taken from an order directing the issuance of mandamus to compel the levy of a tax to pay a judgment against a county, and the time within which a writ of error to review the order could be issued had expired, the appeal would be dismissed.

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky, at Covington.

J. G. Morris and E. B. Wilhoit, for appellants.
John H. Barker, for appellee.

---

* Holt, District Judge, did not participate in the decision, because the appeal was from an order made by him.

¶ 2. See Mandamus, vol. 33, Cent. Dig. § 428.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is an appeal from a judgment awarding a peremptory writ of mandamus. The writ commands the defendants, the judge and justices composing the county court of Carter county, to levy an additional tax to one theretofore levied for the same purpose, but which had proved insufficient to pay and satisfy a judgment in favor of David Sinton against the county of Carter for $47,435.60 and costs, rendered December 7, 1889.

Mandamus is a legal, and not an equitable, proceeding, and a mandamus after a judgment to compel the levy of a tax is in the nature of an execution to enforce satisfaction. Riggs v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; Heine v. The Levee Commissioners, 19 Wall. 655, 660, 22 L. Ed. 223.

A proceeding to review a judgment awarding such a writ must be by a writ of error. This point was expressly decided by this court in Muhlenberg County v. Dyer et al., 65 Fed. 634, 13 C. C. A. 64, upon the authority of Ward v. Gregory, 7 Pet. 633, 8 L. Ed. 810; Insurance Co. v. Wheelright, 7 Wheat. 534, 5 L. Ed. 516; and United States v. Addison, 22 How. 174, 185, 16 L. Ed. 304. The time having elapsed within which a writ of error may issue, we are unable to now correct the error in praying an appeal when a writ of error should have been allowed.

We have, therefore, no jurisdiction to review the judgment complained of, and the appeal is dismissed.