John J. Mee vs. William H. Fay.

Hampden.     September 26, 1905. — January 2, 1906.

Present: Knowlton, C. J., Lathrop, Hammond, Loring, & Braley, JJ.

*Guardian.     Fraternal Beneficiary Corporation.     Trust.*

A guardian cannot maintain an action to recover property belonging to his ward.
Such action must be brought in the name of the ward.

One holding a certificate for $1,000 of life insurance in a fraternal beneficiary cor-
poration, his wife who was named as beneficiary having died, wished to take
out a new certificate for the benefit of his grandchildren, and told one F. that
he desired him to receive the money and use it for their care and education as
he did not wish it to be within the control of his son, their father. He took out
such a certificate payable to F., who was not of a class entitled to be a bene-
ficiary, "as guardian of my grandchildren H. and L." On the death of the
insured the $1,000 was paid by the company to F. who never had been ap-
pointed guardian of the grandchildren. He announced in a letter to the father
of H. and L. that the money was in his possession, but refused to pay it over.
*Held,* that the grandchildren, who were minors, could not maintain an action
at law against F. for the money, because it was held by him in trust, and
*semble* that an amendment into equity would not help them, there being no
ground for a present termination of the trust.

Braley, J.  This is an action of contract in which the plain-
tiff, duly appointed under R. L. c. 145, § 19, the guardian of
Harold Fay and Lillian Fay, sues to recover as a part of his
wards' estate a fund in possession of the defendant, who in de-
fence claims to hold it on a trust for their benefit. At a trial
without a jury in the Superior Court this defence prevailed, and
the case is before us on a report of the presiding judge.

The first embarrassment arises from want of proper parties
plaintiff, but this difficulty is removed because the report states
that if it becomes necessary the plaintiff may amend by substi-
tuting his wards, by whom alone the action can be maintained.
*Lombard* v. *Morse,* 155 Mass. 136, 137.  Treating the case as
having been properly amended we pass, therefore, to the prin-
cipal question, which is the defendant's title to the money in
controversy.

It appears that one Michael Fahey became the holder of a cer-
tificate of insurance for $1,000, payable to his wife as beneficiary,

which was issued by the A. O. H. Widows' and Orphans' Fund, a domestic corporation authorized to engage in fraternal insurance. Upon her death, desiring to obtain a new certificate in which his grandchildren, the true plaintiffs here, should be the beneficiaries, he stated to the defendant that he desired him to receive the money and use it for their care and education, as he did not wish it to be within the control of his son, who was their father. He then applied to the secretary of the order for a new certificate, which was issued and made payable to the defendant "as guardian of my grandchildren Harold and Lillian Fay." This transaction took place on July 24, 1900, and, Michael Fahey having died on September 8, 1900, on January 22, 1901, the amount of this insurance was paid to the defendant, although not then nor subsequently appointed guardian of the children.

The defendant himself did not sustain such a relation to the deceased member as to bring him within the class to whom a death benefit could lawfully be paid. St. 1899, c. 442, §§ 11, 15. *Daniels* v. *Pratt,* 143 Mass. 216. *Lavigne* v. *Ligue des Patriotes,* 178 Mass. 25, 28.

But although inartificially expressed, the object which the decedent sought to accomplish is plain. It was his intention that these grandchildren should have the sole benefit of the insurance, and by intendment of law they alone are to be deemed the beneficiaries. *American Legion of Honor* v. *Perry,* 140 Mass. 580. *Dean* v. *American Legion of Honor,* 156 Mass. 435, 438.

This designation was made by the insured member in his lifetime, and, from the silence of the record to the contrary, it should be inferred that it was rightly approved by the officers authorized to act for the corporation, and upon his death was considered by them as sufficient to authorize payment of the money. See *Daniels* v. *Pratt, ubi supra,* at pages 221, 222.

If, however, the statute is thus satisfied, it does not follow as between the parties that the defendant has received the money to their immediate use. While ordinarily he would hold it subject to their legal title, there was evidence admitted under the plaintiff's exception and to which we have already adverted showing why Fahey caused the insertion in the certificate of the defendant's name. This testimony was competent, for it has

long been settled that a trust in personal property may be established by oral evidence, and when found to exist is to be administered according to the directions of the founder. *Bancroft* v. *Russell*, 157 Mass. 47. *Peck* v. *Scofield*, 186 Mass. 108, 111, and cases cited.

The language of the certificate, with this precatory request, still kept the fund within the class who could take under the statute; for the contemporaneous acts that form the transaction, when combined, constitute a complete scheme which might have been set forth in the certificate by stating that the amount payable under it upon his death should go to his grandchildren by name, but should be payable to the defendant, who was to hold the fund in trust, and expend it for their care and education. *Kendrick* v. *Ray*, 173 Mass. 305.

In such a case the legislative intention that fraternal insurance on the lodge system should not be made the subject of speculation by strangers upon the life of the assured or liable for his debts, shown by confining the beneficiaries to relatives or persons dependent upon the assured for their support, who must be designated at the time the certificate issues, is not violated by a construction which permits an equitable right of this nature to be attached to the death benefit by the member whose life is insured. See *American Legion of Honor* v. *Perry*, 140 Mass. 580, 589; *Daniels* v. *Pratt*, *ubi supra*.

On receiving the money the defendant announced in a letter to the father of the minors that it was in his possession, and in his answer in this case declares that the amount is held " for . . . Lillian and Harold Fay by reason of said trusteeship, and by reason of an oral agreement and trust made . . . with Michael Fahey."

The essential elements of a valid trust in personalty are thus found, and as the defendant holds the property for them in a fiduciary capacity they are not entitled to its possession. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. *Davis* v. *Coburn*, 128 Mass. 377, 382. *Peck* v. *Scofield*, *ubi supra*.

It is, however, suggested that, if this conclusion is reached, an amendment should be permitted changing the present action from law into equity, but by the terms of the report this privilege has not been reserved. If it had been, the plaintiffs upon such

amendment being allowed would be no nearer obtaining the money, for the proper proceeding, under R. L. c. 159, § 1, is to have the trust declared, and the defendant as trustee directed to execute it.  *Chace* v. *Chapin*, 130 Mass. 128.

By the terms of the report there must be

*Judgment for the defendant.*

*J. H. Rickard, Jr.*, for the plaintiff.

*D. A. Coyne*, for the defendant.