MINNIE A. WADE, executrix, *vs.* KATE E. SMITH.

Worcester.    October 1, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Gift. Savings Bank.*

At the hearing by a judge without a jury of an action by the executor of the will of one P against P's daughter, K, for the amount of two savings bank accounts, there was evidence which tended to show that P on the same day made two deposits in a savings bank, one under the title, "P payable in case of his death to K," and the other under the title, "K payable in case

of her death to P;" that later, in a conversation between P, the defendant and a friend, either P or the friend for him stated that the money represented by the deposits was given to the defendant, that at that time the defendant saw and examined the savings bank books and understood that the legal title to the deposits passed to her, and that later both books were delivered to her. *Held,* that a finding of a completed gift of the bank deposits to the defendant was warranted by the evidence.

RUGG, C. J.   This action at law comes before us on an exception to the refusal of a judge of the Superior Court,* who heard the case without a jury, to find in favor of the plaintiff.   The only question is whether upon all the evidence a finding for the plaintiff was required as matter of law.   The weight and effect of oral evidence was for the trial judge, and his finding will not be disturbed unless it appears to be wholly unwarranted.   *Bailey* v. *Marden,* 193 Mass. 277.   The bill of exceptions does not state that it contains all the material evidence, and perhaps on this ground it would be necessary to overrule the exceptions.   But we prefer to consider the case on its merits.

The issue is the title to two deposits in a savings bank made by the father of the defendant in these forms respectively: "Plimpton H. Smith payable in case of his death to Kate E. Smith," and "Kate E. Smith payable in case of her death to Plimpton H. Smith."   The defendant testified, in substance, that these two deposits were made by her father out of his money on the same day, and that later on there was a conversation in which the father, a friend of his named Porter and the defendant participated, when it was said by the father or Mr. Porter speaking for him that the money represented by these two deposits was given to the defendant and was to be hers, and that she understood the legal title to the two deposits passed to her.   The books were seen and examined by the defendant at the time, and subsequently both were delivered to the defendant.   This evidence was enough to show an executed gift.   *Peck* v. *Scofield,* 186 Mass. 108.   *Bone* v. *Holmes,* 195 Mass. 495.   *Scrivens* v. *North Easton Savings Bank,* 166 Mass. 255.   It would support a finding of delivery with intent to pass title by the donor and acceptance by the donee.   *Bailey* v. *New Bedford Institution for Savings,* 192 Mass. 564, 569.   Other aspects of the evidence with legitimate inferences would warrant

* *Hall,* J.

a conclusion that as to the deposit in form "Plimpton H. Smith payable in case of his death to Kate E. Smith," the delivery of the book was subject to the trust that so much of it as was necessary should be used by the donee for the support of the donor during his life, and that subject to this trust the title passed to the defendant. See *Kelley* v. *Snow*, 185 Mass. 288. A finding for the defendant therefore is fully supported by evidence.

There was evidence from which a conclusion adverse to the claims of the defendant might have been drawn. But the witnesses were seen and heard in the Superior Court, and it follows from what has been said that there is no ground to reverse his finding.

*Exceptions overruled.*

*M. M. Taylor,* (*G. C. Douglass* with him,) for the plaintiff.
*W. O. Kyle,* for the defendant.