ASSESSOR OF VERNON PARISH, LA., v. GOULD et al.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1914.)

No. 2382.

1. MANDAMUS (§ 1*)—NATURE OF REMEDY—EQUITY SUIT.

The remedy by mandamus is essentially and exclusively a legal one, unknown to courts of equity, and hence a bill in equity, praying for the issuance of mandamus to correct certain tax assessments, was insufficient to establish equity jurisdiction.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

2. COURTS (§ 322*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Where federal jurisdiction depended entirely on diverse citizenship, and plaintiffs were alleged to be citizens of New York and New Jersey, but there was no allegation as to defendant's citizenship except that he was the tax assessor of Vernon parish, La., diverse citizenship was not shown within the rule that it must appear by positive averment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Bill by George J. Gould and others against the Assessor of Vernon Parish, La. Judgment for plaintiffs, and defendant appeals. Reversed.

Sidney I. Foster, of Shreveport, La., for appellant.

F. G. Hudson, F. G. Hudson, Jr., and John J. Potts, all of Monroe, La. (Hudson, Potts & Bernstein, of Monroe, La., on the brief), for appellees.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

SHELBY, Circuit Judge. This is a bill in equity by George J. Gould and others, involving the assessment for taxes for the year 1908 of a large tract of pine timber land. The purpose is to have set aside an alleged illegal assessment, and to have enforced by the writ of mandamus an original assessment made and returned by the plaintiffs. After the case was at issue there was an agreed statement of facts upon which the case was tried. The view we take of the case makes it unnecessary to comment on the facts. The appellant claims 'that he is entitled to a reversal of the decree on the merits, that it is a case dependent on the proper construction of statutes of Louisiana, and that the questions involved have been settled by decisions of the Louisiana Supreme Court. And he cites Southland Lumber Co. v. Lee McAlpin, Assessor, et al., 126 La. 906, 53 South. 45, and other recent decisions.

[1] But the record, we think, is not such as will permit us to consider the case on its merits. As we have stated, the plaintiffs proceeded in the lower court by bill in equity for the writ of mandamus to correct certain tax assessments. After a statement of facts upon which relief is claimed, there is a prayer that "a writ of mandamus issue from this honorable court (meaning the court below), directing said assessor to record and extend upon his official rolls the said assessment," etc. The decree accords with the prayer "that a writ of mandamus issue as prayed for," etc.

The remedy by mandamus is essentially and exclusively a legal remedy, and is unknown to courts of equity. 8 Ency. U. S. Sup. Ct. Rep. 13, and cases cited in note 23. The bill should have been dismissed for not showing jurisdiction in equity, the new equity rule 22 not being then in force.

[2] But it is fatally defective in another aspect. There is no claim for federal jurisdiction except on the ground of diverse citizenship. It appears that the plaintiffs are citizens of the states of New York and New Jersey, but there is no allegation of the citizenship of the defendant. He is described as "the Tax Assessor for the Parish of Vernon, Louisiana," but it is not alleged that he is a citizen of Louisiana or of any named state. It was suggested at the bar that the allegation of his official position was sufficient to show his citizenship in the state of Louisiana, but we do not deem that sufficient. Jurisdiction cannot be inferred argumentatively. When it is dependent on diverse citizenship, such diversity should be shown by positive averments. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Continental Life Ins. Co. v. Rhoads, 119 U. S. 237, 240, 7 Sup. Ct. 193, 30 L. Ed. 380.

Decree reversed.