FREDERICK W. MANSFIELD *vs.* SECRETARY OF THE
COMMONWEALTH.

Suffolk.    October 18, 1917. — October 19, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Mandamus. Elections,* Official ballot.

Upon a petition for a writ of mandamus, which is a proceeding at law, this court has no jurisdiction to change or reverse a decision as to the facts made by the single justice who heard the case unless the finding of fact is not warranted by the evidence.

Upon a petition for a writ of mandamus a finding of a single justice, warranted by the evidence presented before him, that the surname of a candidate for Governor always has been spelled "McCall" and never has been spelled "MacCall," that the name of the candidate is "McCall" and not "MacCall" and that under St. 1913, c. 835, § 259, "the name of Frederick W. Mansfield should precede that of Samuel W. McCall in the arrangement of names in alphabetical order upon the official ballot of candidates for Governor," is a finding of fact which is not open to revision by this court.

PETITION, filed on October 16, 1917, for a writ of mandamus addressed to the Secretary of the Commonwealth commanding him, in the preparation of the official ballot for the election of Governor under St. 1913, c. 835, § 259, which provides that the names on the official ballot for election to office shall be arranged in alphabetical order according to the surnames, to print the

name of the petitioner, Frederick W. Mansfield, before the name of Samuel W. McCall, an opposing candidate for the office of Governor.

The answer of the respondent, as filed by the Attorney General, contained, among other allegations, the averment "that the name 'McCall' is an abbreviation of the name 'MacCall,' and that according to accepted usage and custom pertaining at the time of the adoption of the statute requiring names on official ballots to be arranged in alphabetical order according to surnames and at the present time, names such as 'McCall' are arranged with names spelled 'MacCall' and similar names, and precede in alphabetical arrangement the name 'Mansfield.'"

The case was heard by *Crosby*, J., who made certain findings of fact, including those that are stated in the opinion and concluding as follows: "I further find that the surname of Samuel W. McCall has so far as the evidence shows always been spelled 'McCall' and never has been spelled 'MacCall' and that the surname of Frederick W. Mansfield, so far as the evidence shows, has always been spelled 'Mansfield.' I further find that Mr. McCall's name is 'McCall' and not 'MacCall.' Upon these facts so far as it is a question of fact I find that the name of Frederick W. Mansfield should precede that of Samuel W. McCall in the arrangement of names in alphabetical order upon the official ballot of candidates for Governor."

The single justice reported the case, reserving all questions of law arising upon the record for determination by the full court, such disposition to be made of the case as the full court should direct.

*F. W. Mansfield*, pro se.

*H. W. Barnum*, Assistant Attorney General, for the respondent.

RUGG, C. J. This is a petition for a writ of mandamus to compel the secretary of the Commonwealth to place the name of the petitioner as candidate for Governor before that of Samuel W. McCall upon the official ballot for the impending state election.

It is the duty of the respondent to arrange the names of the several candidates for Governor upon the ballot "in alphabetical order according to the surnames." St. 1913, c. 835, Part III, § 259. There has been a hearing before a single justice who has made a finding of facts. His conclusion, after a narration of various

matters of probative value on the issue, is in these words: "Upon these facts, so far as it is a question of fact, I find that the name of Frederick W. Mansfield should precede that of Samuel W. McCall in the arrangement of names in alphabetical order upon the official ballot of candidates for Governor. I reserve all questions of law arising upon the record for the determination of the full court, such disposition of the case to be made as that court shall direct."

A petition for a writ of mandamus is a proceeding at law. This court has no jurisdiction in a proceeding at law to change or reverse a decision as to the facts made by the tribunal charged with the duty of ascertaining the facts. The weight of evidence in such proceeding is not open to revision by this court. *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386, 391. *Commonwealth* v. *National Contracting Co.* 201 Mass. 248. The rule in equity is different.

The alphabetical precedence of surnames under the circumstances here disclosed is a question of fact and not of law. The precise point is whether in arranging the names in alphabetical order McCall should be treated as equivalent to the combination of letters MacCall and as if so spelled. How it is spelled in truth and whether the real name is "MacCall" or "McCall" and whether the latter form is an abbreviation of the former are questions of fact. We know of no rule of law by which to settle those questions.

The only question of law open on this record is whether the decision of the single justice, to the effect that the surname "Mansfield" precedes the surname "McCall" in alphabetical order and that the latter is not to be treated as the equivalent of "MacCall," finds any justification in the evidence. That finding cannot be pronounced erroneous as matter of law if there is any evidence of substance to support it. It is only when such finding is unwarranted by the evidence that it can be set aside. *Wade* v. *Smith,* 213 Mass. 34. *Bailey* v. *Marden,* 193 Mass. 277.

The subsidiary facts found by the single justice are in effect that there is a general custom in the United States and England in arranging and indexing surnames in books and catalogues to place names beginning with "Mc" before those beginning with "Man;" and that this custom is nearly if not quite universally

observed by librarians and prevails generally in the arrangement of names in directories and in a large number of other publications including dictionaries, encyclopaedias and digests. The letters "Mc" or "Mac" and also "M' " as part of a surname are derived from the Gaelic and mean "son of."

But he also finds that there are a number of other publications and lists, in which names beginning with "Man" precede those beginning with "Mc." These include the Boston telephone and other directories, certain acts and resolves, and the voting list of the town of Winchester, where Mr. McCall resides. He finds further that the surname of the candidate has in fact always been spelled "McCall" and has never been spelled "MacCall." There was evidence tending to support all these findings. That hardly can be disputed upon this record. Its weight is not for us to consider. Although it reasonably might have been inferred that the name "McCall" is an abbreviated form of the full name "MacCall" and therefore ought to be so treated in alphabetical arrangement, and that such arrangement was customary and hence proper, this cannot be said to be the only rational inference of which the subsidiary facts and the evidence are susceptible. It cannot be declared as matter of law that the ultimate finding to the effect that the name "Mansfield" precedes the name "McCall" in alphabetical order is erroneous. It is not wholly unsupported by evidence.

It follows as a necessary consequence of the finding of fact made by the single justice that the writ ought to issue commanding the respondent to arrange the names of candidates in accordance therewith by placing that of Mansfield before that of McCall.

*So ordered.*