Allen, J.
The single question involved in this case is whether an action in mandamus is a chancery case, and hence appealable to the Court of Appeals within the provisions of Section 6, Article IV, of the Ohio Constitution, that:
“The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases # *
Granting that the action in mandamus, as instituted, conformed to the requirements of Section 12224, General Code, the action has to constitute a chancery case in order that the appeal may lie. The Court of Appeals held that the proceeding is statutory and hence not appealable. However, we do not at this time conclude that a chancery action, merely because it is defined in statute, thereby loses its chancery nature, and *57 hence we look to the characteristics of the proceeding itself to decide the question.
Section 12283, General Code, defines the action in mandamus as follows:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
In this definition there is nothing to indicate that mandamus has equitable features. It is used to command the performance of acts specifically enjoined by law. The duty which is commanded is a legal and not an equitable duty. Moreover, the history of the writ does not connect it with chancery. It originated as a prerogative writ, issued by the sovereign, and later was used by the King’s bench. While it is used only in matters relating to the public, and not for the redress of private wrongs, this fact does not give it equitable character.
It was held in State ex rel. Barker v. Philbrick, Director Public Safety, 69 Ohio St., 283, 69 N. E., 439, that mandamus was appealable. That was under Section 5226, Revised Statutes, which provided that to be appealable an action must be a civil action, an action of which the common pleas court has original jurisdiction, and an action in which the right to demand a jury did not exist. The decision of the court was grounded upon the proposition that mandamus is a civil action.
It will be observed that under Section 5226, Revised Statutes, a statutory civil action which fulfilled the requirements of the section and was not *58 a chancery case might have been appealable. Hence the rule laid down in the Philbrich case does not apply under the present constitutional provision, and we are remitted to our original question, which is whether mandamus constitutes a chancery case.
With regard to the holdings of the general law there is no doubt as to the answer to this question. It is generally held that mandamus is civil and not criminal, and is legal and not equitable, 26 Cyc., 140.
The rule is stated as follows in 18 Ruling Case Law, Section 2, p. 88: “It [mandamus] is a common-law proceeding as distinguished from a proceeding in equity; and, for this reason, it has been held that for the purpose of review by the federal supreme court of an order of a territorial court awarding a writ of mandamus, the removal should be by writ of error and not appeal.”
Or, as is elsewhere said, the remedy by mandamus rests upon the legal rights of the relator, on the one hand, and the legal obligations and duties of respondent, on the other, and cannot be predicated solely upon the equitable rights and obligations existing between the parties. High’s Extraordinary Legal Remedies (3d Ed.), Section 6, p. 10, puts the doctrine as follows:
“A comparison of the writ of mandamus, as now used both in England and America, with the writ of injunction, discloses certain striking points of resemblance as well as of divergence in the two writs. Both are extraordinary remedies, the one the principal extraordinary remedy of courts of equity, the other of courts of law, and both are granted only in extraordinary cases, where *59 otherwise these courts would he powerless to administer relief.”
That this is the case is upheld in countless decisions, a few of which follow:
In Ward v. Gregory, 32 U. S., (7 Pet.), 633, 8 L. Ed., 810, a mandamus was issued by the Superior Court of Appeals for the Middle district of Florida, directed to the register and receiver of public moneys of the Western land district of Florida, commanding them to permit the entry and purchase of certain lands. The superior court allowed the writ. From the superior court the case was removed by writ of error to the Court of Appeals. The order of the superior court was affirmed by the Court of Appeals. From this proceeding the register and receiver appealed to the Supreme Court of the United States. The appeal was dismissed, the Supreme Court holding that the proceeding at mandamus was at common law, and that therefore the removal to the Supreme Court should have been by writ of error.
In Heine v. Board of Levee Commissioners, 86 U. S., (19 Wall.), 655, 22 L. Ed., 223, it was held:
“(1) There can be no jurisdiction in equity to enforce the payment of corporation bonds until the remedy at law has been exhausted.
“(2) Where the law has provided that a tax shall be levied to pay such bonds, a mandamus after judgment to compel the levy of the tax, in the nature of an execution or process to enforce the judgment, is the only remedy.”
In the opinion, at page 659, Mr. Justice Miller says:
“The court is asked if it should fail to find any *60 principle peculiar to courts of equity on which the bill can be sustained, to treat it as a petition for the writ of mandamus.
“This would ignore the well-established principle of the federal courts that the line between the equitable and common-law jurisdiction must be maintained, and that a suit must be of the one character or the other, and be prosecuted by pleadings and processes belonging to each class of jurisdiction. Mandamus is essentially and exclusively a common-law remedy and is unknown to the equity practice. ’ ’
In Smith v. Bourbon County, 127 U. S., 105, 8 S. Ct., 1043, 32 L. Ed., 73, it was held that in an action by a judgment creditor of a railroad company, to require the company to assign to complainant its claim against the county for bonds of the county, and to require the county to deliver to complainant such bonds in payment of the judgment, the only remedy the company had against the county to compel the issuing and delivery of the bonds was by mandamus.
It was also held that complainant can have no greater rights against the county than the railroad company has, and that relief by mandamus cannot be granted in equity, but only at law. The case of Assessor of Vernon Parish, La., v. Gould, 210 F., 894, 127 C. C. A., 553, decided that the remedy by mandamus is essentially and exclusively a legal one, unknown to courts of equity, and hence the filing of a bill in equity, praying for the issuance of mandamus to correct certain tax assessments, was insufficient to establish equity jurisprudence. In the opinion we find the following:
*61 “But the record, we think, is not such as will permit us to consider the case on its merits. As we have stated, the plaintiffs proceeded in the lower court by bill in equity for the writ of mandamus to correct certain tax assessments. After a statement of facts * * * there is a prayer that ‘ a writ of mandamus issue from this honorable court (meaning the court below # *’*.)’
“The remedy by mandamus is essentially and exclusively a legal remedy, and is unknown to courts of equity. * * * The bill should have been dismissed for not showing jurisdiction in equity. ’ ’
In Carter County v. Schmalstig, 127 F., 126, 62 C. C. A., 78, Lurton, U. S. Circuit Judge, said: “Mandamus is a legal, and not an equitable, proceeding, and a mandamus after a judgment to compel the levy of a tax is in the nature of an execution to enforce satisfaction. Riggs v. Johnson County, 6 Wall., 166, 18 L. Ed., 768.”
In United States ex rel. Jensen v. Criner, (C. C. A.), 283 F., 774, it is said in the opinion: “The petition for a writ is not procedure in equity, it is at law; and the remedy which it affords in the federal courts is ancillary.”
In State ex rel. Beard v. Jackson, Trustee, 168 Ind., 384, at page 386, 81 N. E., 62, 63, the court says in the opinion:
“In this state, ‘writs of mandate may be issued to any inferior tribunal, corporation, board, or person * * V This statute is substantially declaratory of the common-law doctrine. Mandamus is in no sense an equitable proceeding, but is a common-law remedy to compel performance of *62 a legal duty.' The relator must have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required.”
State ex rel. Hatfield v. Cummins, 171 Ind., 112, 85 N. E., 359, 36 L. R. A., (N. S.), 945, and Steiger v. State ex rel. Fields, 186 Ind., 507, 116 N. E., 913, follow State ex rel. Beard v. Jackson, supra, and state the same rule.
In Mott v. State ex rel. Klitzke, 145 Ind., 353, 44 N. E., 548, the syllabus holds (44 N. E., 548):
“3. Since mandamus is a proceeding at law, either party may demand a trial by jury of an issue of fact arising therein.”
Cases could be multiplied in support of this proposition, and we will merely cite the following: Mayor of City of Roodhouse v. Briggs, 194 Ill., 435, 62 N. E., 778; People ex rel. Dickinson v. Board of Trade of City of Chicago, 193 Ill., 577, 62 N. E., 196; Woods v. Hyde, City Treasurer, 64 Cal. App., 433, 222 P., 168; Mansfield v. Langtry, 228 Mass., 262, 117 N. E., 311.
It may be claimed that these rules do not apply in this state, upon the authority of State ex rel. Moyer v. Baldwin, 11 Ohio St., 532, at page 539, 83 N. E., 907, 908 (19 L. R. A., [N. S.] 49, 12 Ann. Cas., 10), in which case Judge Summers said in the opinion:
“In many of the states mandamus is treated as a civil action, but in this state, while it has been so declared in State of Ohio ex rel. Barker v. Philbrick, Director of Public Safety, etc., 69 Ohio St., 283 [69 N. E., 439], still it is treated as preserving its prerogative character.”
*63 This case, however, is not contra to our holding. It is true that mandamus is a prerogative writ; that is, mandamus is process issued by an exercise of the extraordinary power of the sovereign on proper cause shown. However, mandamus never at any time was part of the equity process, and the holding of the Moyer case is simply that mandamus is the appropriate remedy to restore a party to an office from which he has been illegally removed.
Judge Johnson, in the case of Freon v. Carriage Co., 42 Ohio St., 30, 51 Am. Rep., 794, states that mandamus will not lie where equitable relief is possible. In other words, mandamus lies to enforce a legal and not an equitable duty, and does not lie where equity will give relief.
We see no reason for deviating in this state from the general rule which is substantiated by such wide authority in courts of last resort in other states, and in the United States courts, and the judgment will therefore be affirmed.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.