### ANSALDI v. KENNEDY (two cases).
### Nos. 4258, 4259.

District Court, D. Massachusetts.
May 28, 1930.

George Locus, of Boston, Mass., for plaintiffs.

Joseph A. Dennison, of Boston, Mass., and Michael A. Sullivan, of Lawrence, Mass., for defendant.

MORTON, District Judge.

These are motions to dismiss for lack of jurisdiction appearing on the face of the record, and pleas in abatement raising the question of jurisdiction. The facts on which the pleas are to be determined were orally agreed in open court to be as follows: The two plaintiffs are minors, sons of Vito Ansaldi; they were born, and have always resided, in Massachusetts. The father has lived here many years but is not an American citizen; he is a subject of Italy. Since these actions were brought he has been appointed by the probate court guardian of the two minor plaintiffs and now appears as such guardian as well as prochein ami.

The only ground of jurisdiction asserted by the plaintiffs is that under the Constitution and laws of the United States the father, being an alien, has the right to sue in the federal court; and that his appearance as prochein ami, and later as guardian of the minor plaintiffs, confers jurisdiction in this court because of his alien status.

The powers and duties of a guardian are determined by the state law, Massachusetts General Laws, c. 201, § 37. It is well settled that under this statute a guardian has no title in his ward's estate. He cannot maintain a bill in equity in his own name to set aside a conveyance made by the ward, Lombard v. Morse, 155 Mass. 136, 29 N. E. 205, 14 L. R. A. 273, nor an action in his own name to recover property belonging to his ward, Mee v. Fay, 190 Mass. 40, 76 N. E. 229. New York Evening Post Co. v. Chaloner (C. C. A.) 265 F. 204, at page 213, relied on by the plaintiffs, depends upon the New York law as to guardians, which in this respect differs from that of Massachusetts as is pointed out in Lombard v. Morse. See, too, Sandeen v. Tschider (C. C. A.) 205 F. 252.

This being so, it is the citizenship of the ward, not that of the prochein ami or of the

guardian, by which jurisdiction is to be determined. As both minors are citizens of Massachusetts and the defendant is alleged to be a citizen of the same state, the diversity of citizenship necessary for jurisdiction is lacking.

Pleas in abatement adjudged good.

Cases dismissed.