The People *ex rel.* William E. Baker, Collector,

*v.*

The Chicago and Alton Railroad Company.

*Filed at Ottawa January 18, 1892.*

1. Former adjudication — *whether bar to second application for judgment for taxes.* An order of the county court refusing judgment for taxes is not a bar to a subsequent application for judgment, unless it was rendered upon the merits. If the former application for judgment was denied for informalities, only, in the mode of levying the tax, it will not constitute a bar to the subsequent collection of the same tax.

2. A railway company filed objections to the rendition of judgment against it for the road tax of 1889, for the following reasons: First, because the board of supervisors did not cause such tax to be levied as required by law; second, because there was no order of record showing the levy; third, because no notice was given to the company to appear and work out such tax; fourth, because the overseer did not deliver the list of delinquent road tax to the supervisor in the time

required by law; fifth, because the county collector failed to designate on the tax books to what district the tax belonged; and sixth, because the property was not properly described in the collector's advertisement. The court sustained the objections: *Held,* that the judgment was no bar to a further application for judgment for the same tax and that of the next year.

3. DELINQUENT TAXES — *application for judgment—proof of prima facie case—how overcome.* The collector's delinquent list, with proof of the notice of application for judgment, makes out a *prima facie* case entitling the State to judgment, and such *prima facie* case will not be overcome by introducing a judgment rendered the previous year, sustaining objections to the manner of assessing and levying the tax. Such report and publication require the court to render judgment, unless the objector shall show that it is substantially unjust to render the same.

4. Where the tax on property is "prevented from being collected" for a year by reason of what is claimed to be "erroneous proceedings," the amount of such tax is properly added to the tax of the next year, unless the tax-payer shows that the defects for which judgment was first refused continue to exist.

WRIT OF ERROR to the County Court of Livingston county; the Hon. R. R. WALLACE, Judge, presiding.

Mr. A. C. NORTON, for the plaintiff in error:

The prior judgment sustaining objections is not conclusive on a second application, unless there was a trial on the merits. *Graceland Cemetery* v. *People,* 92 Ill. 619.

In the absence of a contrary showing, it will be presumed that the objections to the tax before sustained have been cured and corrected by the proper officers. *People* v. *Givens,* 123 Ill. 352; Revenue act, sec. 191; *Railroad Co.* v. *People,* 119 Ill. 207.

Mr. WILLIAM BROWN, and Mr. M. J. SCRAFFORD, for the defendant in error:

The court did not err in holding that the judgment rendered at the May term, 1890, was a bar to the present application for judgment. *Graceland Cemetery* v. *People,* 92 Ill. 619.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is an application by the county collector of Livingston County at the May Term, 1891, of the county court of that county for judgment against the property of the Chicago & Alton Railroad Company for the delinquent road taxes for the years 1889 and 1890.

The railroad company filed the following objection, among others, to the rendition of judgment against its property for the delinquent district road taxes levied for the year 1889 :

"*First*—That at the May term, 1890, of this court, such proceedings were had, upon the application of the collector of said county for judgment for said taxes, that by the order and direction of said court a judgment therefor was denied, which judgment was and is a bar to the rendition of a judgment upon the present application of the collector therefor."

When application was made at the May term, 1890, of said county court for judgment for the delinquent district road taxes of 1889, the company filed six objections as follows :

"*First*—Because the board of supervisors of said county did not cause said tax to be levied as required by law.

"*Second*—Because there is no order on record in said county court showing that said taxes were levied by said board of supervisors as is required by law.

"*Third*—No notice to appear and work out the assessment for said district road taxes was given said company by the overseers of highways, as required by section 108, chapter 121, of the statutes.

"*Fourth*—The overseers of highways did not deliver their lists of delinquent road tax to the supervisors on or before September 5, as required by law.

"*Fifth*—The county clerk, in extending the district road tax on the tax books, did not designate to what road district said tax belonged.

"*Sixth*—The description of the property advertised as the property of said railroad company is not in accordance with the terms of the statute in such cases made and provided."

Thereupon, at the May Term, 1890, the county court rendered judgment as follows: "And the court having duly examined said objections and being fully advised in the premises doth consider and order that said objections be and they are hereby sustained, and that judgment be and it is hereby refused as against the property of said Chicago and Alton Railroad Company as set forth and described in the foregoing list for the amount of the district road tax as extended against it."

The question is: Is the judgment of the county court rendered at the May Term, 1890, sustaining the foregoing objections there made and refusing judgment at that time for the road taxes of 1889, a bar to the rendition of judgment at the May term, 1891, for the road taxes of 1889 upon the application of the collector made at the latter term for judgment for the road taxes of 1889 and 1890.

In support of the affirmative of this question the defendant in error relies upon the case of *Graceland Cemetery Co.* v. *The People*, 92 Ill. 619. That case, however, is plainly distinguishable from the case at bar. There the objection to the rendition of judgment was, that the lands of the Cemetery Company were exempt from taxation under the provisions of its charter. The objection went to the justice of the tax itself, as it denied the liability of the objector to pay any tax at all without reference to the nature of the proceedings for the assessment or levy or collection of the tax. The question of exemption from taxation was there the only question to which the evidence was directed; and the county court "held the lands were not subject to taxation, and thereupon a formal judgment was entered of record  *  *  *  denying the application for judgment against the lands in question." It was on account of the nature of the objection, as striking at the right to impose any tax whatever upon the lands involved,

that section 276 of the Revenue Act was held to afford no authority for ignoring the previous judgment denying the application of the collector. The rule in the Cemetery case was expressly limited "to a case where there had been a trial on the merits," and it was said that the rule there laid down did "not apply where there has not been a trial on the merits."

In the case at bar, the judgment of May, 1890, must be considered with reference to the nature of the objections then presented to the court. The application of the collector made at that time was refused because the particular objections then made were sustained. What was the nature of those objections? They did not attack the justice of the tax, nor urge that the railroad company was not liable to pay the road taxes sought to be collected from it. The objections merely set up certain informalities and defects in the mode of procedure for the assessment, levy and collection of the road tax. They go mainly to the manner of levying the tax, and not to the merits of the tax itself. They are such objections as can be cured or corrected by the officials making them.

Section 191 of the Revenue Act says, that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." The judgment here pleaded in bar was not a judgment, that the tax was unjust and such an one as ought not to be paid by the company, but that the application for judgment made in May, 1890, could not then be granted because of certain informalities which existed at that time. There is nothing in this record to show that those informalities existed when the application for judgment was made in May, 1891.

Section 277 of the Revenue Act provides as follows: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceeding or other cause, the amount of such

tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns, designating the year or years."

On the trial below the people introduced in evidence the collector's return, or "sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application." This return made a *prima facie* case, and such *prima facie* case was not overcome by introducing a judgment rendered a year before, which sustained objections to the *manner* of assessing and levying the tax. We said, in *Chiniquy* v. *The People,* 78 Ill. 570, that the collector's return, "of itself, is evidence, and ample evidence, of the assessment, the levy of the tax, and that it is due and unpaid, upon which the statute requires the court to render judgment, unless the objecting tax-payer shall show that it is substantially unjust to render the judgment against the land." In *The People* v. *Givens,* 123 Ill. 352, we also said: "The collector was not bound to show, that the tax was legally assessed, by proof, until the presumption created by his return of the delinquent list was overcome, and it was the manifest duty of the county court to have rendered judgment upon the collector's report of delinquent lands and proof of publication, as required by law." When the collector made his *prima facie* case, "if there were irregularities or valid reasons why this tax was not legally assessed, the burden was upon defendant in error to establish such irregularity or illegality." (Idem.)

Inasmuch as the tax of 1889 was "prevented from being collected" for that year by reason of what were claimed to be "*erroneous proceedings,*" the amount of such tax was properly added to the tax for 1890. *Non constat* but that all the defects urged against the tax in May, 1890, had been corrected since that time. This being so, the collector's return, together with his application for judgment for the taxes both of 1889 and 1890, was *prima facie* evidence of the assessment and levy of the tax of 1889 as well as of that of 1890, and it was the

duty of the objecting tax-payer to show that there were defects subsequent in date to May, 1890, or that the defects then existing still continued to exist when the tax for the year 1889 was added to that for the year 1890.

The judgment of the county court is reversed and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Judgment reversed.*