THE PEOPLE ex rel. Joel Mooneyham, County Collector, Appellee, vs. THE O'GARA COAL COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. BILLS OF EXCEPTION—*exception to a judgment overruling objections to tax should be saved by bill of exceptions.* An objection and exception to the entry of a judgment overruling objections to a tax should be saved by a bill of exceptions in order to preserve for review errors not appearing on the face of the pleadings or judgment, and it is not sufficient that the judgment entered in court shows that objection and exception were taken.

2. TAXES—*coal rights may be assessed, after severance, before next quadrennial assessment.* Coal rights severed from the fee in the surface and purchased after a quadrennial assessment of the land has been made may be assessed to the purchaser before the next quadrennial assessment, and he is liable for the taxes thereon whether the land was assessed for its full value at the preceding assessment or not. (*In re Maplewood Coal Co.* 213 Ill. 283, followed.)

APPEAL from the County Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

M. S. WHITLEY, (WILLIAM S. HEFFERAN, of counsel,) for appellant.

D. W. CHOISSER, State's Attorney, (W. F. SCOTT, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment for taxes rendered by the county court of Saline county against the coal underlying the surface of certain lands belonging to appellant. At the quadrennial assessment of 1903 this coal had not been severed from the surface, and between the time of the quadrennial assessment of 1903 and April 1, 1906, the O'Gara Coal Company became the owner, by proper conveyances,

of the coal under the surface of said lands. These lands were all assessed in the regular way in 1903, and that assessment was left unchanged until April 1, 1906, when the assessing authorities of that county assessed the coal under the surface of these lands to appellant, who was the owner at that time. Taxes were extended against the coal so assessed, and the objections filed by appellant were overruled by the county court and judgment rendered.

No error complained of appears on the face of any of the pleadings or the judgment order of court. The judgment entered by the court does not show on what grounds the objections of the appellants were overruled, but simply states, "no sufficient defense having been made or cause shown why judgment should not be entered against said lands and lots for the taxes, * * * it is considered by the court that judgment be and it hereby is entered against the aforesaid" land, including that here in question. The assignment of errors questions only (except as to the alleged improper admission of evidence, hereinafter referred to,) the overruling of the objections and the entering of judgment. No exception is preserved in the bill of exceptions to the finding and judgment of court. It is true, the judgment order shows that the appellant objected and excepted to the entry of the order; but this court held in *Force Manf. Co.* v. *Horton,* 74 Ill. 310, that it was not sufficient for the order allowing appeal to state that exceptions were taken to the judgment appealed from; that such exceptions should appear in the bill of exceptions. Objections and exceptions as to errors which do not appear on the face of the judgment order or the pleadings must be preserved by bill of exceptions or they cannot be questioned in this court on assignment of error. *Mayor* v. *Briggs,* 194 Ill. 435; *Bailey* v. *Smith,* 168 id. 84; *Martin* v. *Foulke,* 114 id. 206; *Aden* v. *Road District,* 197 id. 220; *Jones* v. *Village of Milford,* 208 id. 621; *Tucker* v. *Duncan,* 224 id. 453; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 id. 595.

It is insisted, however, that certain testimony of the assessors of the various towns in which the coal rights were situated, to the effect that when they assessed the lands in 1903 they did not assess the coal rights, was improperly admitted over objection and exception. In *In re Appeal of Maplewood Coal Co.* 213 Ill. 283, where the question as to the legal authority to assess mining rights was under consideration, we said (p. 286) : "The evidence does not show that the assessment of the land included the mining right. The only evidence upon that subject was a copy of the assessment roll assessing the property to the original proprietor. If, however, as a matter of fact, the property is assessed to the original proprietor, including the land and the mining rights, which belong to appellant, it is the fault of the proprietor. He has his remedy, and if he does not elect to avail himself of it but permits an excessive assessment to the extent that the appellant's mining rights depreciated the value of the land, it is not for appellant to complain for him. He alone can make that complaint." Under this authority we cannot see how, even if this evidence was improperly admitted, (which we do not decide,) appellant was injured. The original owners are not here objecting.

Appellant's chief contention is, that the land having been assessed in 1903, even though appellant purchased the coal rights afterward, it cannot be assessed separately until the next quadrennial year, in 1907. Even if appellant had properly preserved its exceptions so as to raise this question, it is conclusively settled against it by this court. *In re Maplewood Coal Co. supra.*

Finding no reversible error the judgment of the county court will be affirmed.                    *Judgment affirmed.*