THE PEOPLE *ex rel.* Oliva Nourie *et al.* Appellants, *vs.*
DRAINAGE DISTRICT No. 3 OF THE TOWN OF BEAVER,
Appellee.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*the affidavits heard on rule nisi in quo
warranto must be saved by bill of exceptions.* The affidavits heard
in support of the issues under a rule *nisi* to show cause why an in-
formation in the nature of *quo warranto* should not be filed, must
be saved by a bill of exceptions, and in the absence of a bill of ex-
ceptions, if there are no errors on the face of the pleadings or the
judgment, the judgment will be affirmed.

2. SAME—*the presumption is in favor of the regularity of a pro-
ceeding at law.* The presumption in favor of the regularity of pro-
ceedings of the trial in an action at law will obtain in a court of
review until overcome by an affirmative showing that error has
been committed.

APPEAL from the Circuit Court of Iroquois county; the
Hon. DORRANCE DIBELL, Judge, presiding.

J. P. PALLLISSARD, State's Attorney, (W. G. BROOKS,
and W. H. SAVARY, of counsel,) for appellants.

O. F. MORGAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The State's attorney of Iroquois county, at the instance
of the relators, petitioned the circuit court of that county
for leave to file an information in the nature of *quo war-
ranto* against the commissioners of said drainage district.
Said petition alleged that the district was organized under
the Farm Drainage act of 1885, and had constructed drains
and ditches, paying therefor by assessment on the lands
benefited; that none of the lands belonging to relators were
originally included in said district, nor have they been since
legally annexed by petition, application or otherwise; that
said commissioners on September 9, 1906, without warrant
of law, by resolution annexed the lands of relators to said

district, classifying the same, and were about to levy assessments thereon, said commissioners fraudulently pretending that relators have connected their respective lands with the drains and ditches of said district and are benefited thereby. Said petition alleges that said lands naturally drain toward said district, but have not been connected with and are in nowise benefited by the drains of said district. It appears that the court entered an order *nisi* that the respondents should show cause why such information should not be filed; that thereafter affidavits and counter-affidavits were filed, and the court on December 30, 1907, entered an order stating that having fully considered said petition, affidavits, evidence and allegations, it finds that the respondents have shown sufficient cause why leave to file said information should not be granted, and orders that the petition for *quo warranto* be denied, the rule discharged and the petition dismissed at relators' cost. Relators objected and excepted to this order and prayed an appeal to the Supreme Court, which was granted on filing an appeal bond and presenting a bill of exceptions within thirty days from the date of the order. The bond was filed within the time stated but no bill of exceptions appears in this record.

This court has held that in this class of cases the petition usually stands as a complaint, and where a rule *nisi* is ordered, as in this instance, the allegations of the complaint constitute the issues, which may be supported or denied by affidavits on the respective sides. (*People* v. *Drainage District,* 193 Ill. 428.) Objections and exceptions as to errors which do not appear on the face of the judgment order or pleadings must be preserved by bill of exceptions. (*People* v. *O'Gara Coal Co.* 231 Ill. 172.) Affidavits filed in a case do not become a part of the record sent up on appeal unless made so by being incorporated in the bill of exceptions. (*Chicago, Burlington and Northern Railroad Co.* v. *Bowman,* 122 Ill. 595; *Vandruff* v. *Craig,* 14 id. 394; *Anderson Transfer Co.* v. *Fuller,* 174

id. 221.) The affidavits, therefore, cannot be considered on this appeal. The order stated that the court considered the affidavits and evidence. Such evidence, whether in the form of affidavits or otherwise, has not been preserved by bill of exceptions, and it is impossible to tell from the order of court upon what evidence it was based. The presumption in favor of the regularity of proceedings in the trial court will obtain until overcome by an affirmative showing that error has been committed. It is not claimed here that any error appears on the face of the pleadings or judgment order. If any other error was committed it was necessary to have it shown by bill of exceptions. As this record contains no bill of exceptions there is nothing for the court to consider. *City of Chicago* v. *Ogden, Sheldon & Co.* 227 Ill. 595; *Kiesewetter* v. *Knights of Maccabees,* id. 48; see, also, to the same effect, *Anderson Transfer Co.* v. *Fuller, supra,* and *Mallers* v. *Whittier Machine Co.* 170 Ill. 434.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*