THE PEOPLE *ex rel.* John W. Rea, County Treasurer, Appellee, *vs.* THE CHICAGO, INDIANAPOLIS AND ST. LOUIS SHORT LINE RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. TAXES—*question not included in objections in county court cannot be raised on appeal.* Questions not included in the objections filed in the county court in a proceeding by the county collector for judgment and order of sale for delinquent taxes cannot be raised on appeal.

2. SAME—*what makes a prima facie case entitling collector to judgment.* In a proceeding for judgment and order of sale for delinquent taxes, proof of the sworn report of the list of delinquent lands, together with proof of the publication thereof and notice of the application, makes a *prima facie* case authorizing a judgment against the property without further proof.

3. SAME—*exception to final judgment must be preserved by a bill of exceptions.* It is not sufficient that the judgment order appealed from recites that the land owner objected and excepted to the entering of the judgment, but such exception must appear in a bill of exceptions or the entry of judgment cannot be questioned on appeal.

4. The holding in *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 217,) governs certain of the questions raised in this case.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD, and D. R. KINDER, of counsel,) for appellant.

W. H. STEAD, Attorney General, and HARRY C. STUTTLE, State's Attorney, (L. V. HILL, and J. T. BULLINGTON, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This was an appeal from the judgment of the county court of Montgomery county against the property of appellant for the sum of $402.78 for unpaid county taxes

and the sum of $62.49 unpaid taxes for town purposes of the town of Grisham. Appellant filed its objections in the county court to certain items of the levy for county purposes and to one item of the levy for town purposes of the town of Grisham.

Upon the hearing in the county court the relator offered in evidence his sworn report of the list of delinquent lands, together with proof of publication and notice of application for judgment at the June term, 1909, of said county court, and then rested his case. Thereupon appellant moved for judgment in its favor, for the reason that the relator had not "furnished sufficient evidence to justify the court in rendering judgment." The motion was denied, and appellant proceeded to offer evidence in support of the objections filed.

Appellant urges four reasons why the judgment of the county court should be reversed: First, that the tax for county purposes is illegal and void; second, that the tax for town purposes of the town of Grisham is illegal and void; third, that the application for judgment filed by the county collector in this case states that it is filed with the county clerk; and fourth, that the certificate of publication does not contain any statement that the persons making the certificate were the publishers of the newspaper in which the notice was published. ·

As to the third and fourth grounds urged by appellant for reversal, it is sufficient to say that those questions were not included in the objections filed in the court below and therefore cannot now be considered on appeal. These same two points were raised in *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 217,) where the record in that particular is identical with the record here, and the holding in that case on those questions will govern here.

It is not claimed that any error appears on the face of the judgment order of the court, but the only errors assigned question the action of the court in overruling the

motion of objector made at the close of relator's case, and in overruling the objections to the application and entering judgment against appellant. The motion of appellant made at the close of relator's case was properly denied. Relator had introduced in evidence the sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application. That made a *prima facie* case, and without further proof would have been sufficient to sustain a judgment against the property for the taxes. (*People* v. *Chicago and Alton Railroad Co.* 140 Ill. 210; *Chicago and Northwestern Railway Co.* v. *People,* 171 id. 249; *Chicago and Northwestern Railway Co.* v. *People,* 183 id. 196.) Appellant, upon the overruling of its motion, introduced evidence in its behalf but did not renew the motion at the close of the case.

No exception to the finding and judgment of the court is preserved in the bill of exceptions. The judgment order of the court recites that appellant objected and excepted to the entering of the order. This court has held repeatedly that it is not sufficient for the order appealed from to recite the objection and exception of appellant thereto but that such exception must appear in a bill of exceptions. Unless it does so appear the entry of the judgment cannot be questioned in this court on appeal. (*People* v. *O'Gara Coal Co.* 231 Ill. 172, and cases there cited; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112; *Schafer* v. *Gerbers,* 234 id. 468; *People* v. *Drainage District,* 235 id. 278; *People* v. *Waite,* 237 id. 164.) No exceptions to the overruling of the objections to the application for judgment and to the entry of judgment having been preserved in the bill of exceptions, that action of the county court cannot be reviewed on appeal.

Under the state of the record the appellee is entitled to an affirmance, and the judgment of the county court will therefore be affirmed.                    *Judgment affirmed.*