## Frederick Leo Orsinger, Appellant, v. State Board of Health of Illinois, Appellee.

### Gen. No. 16,996.

1. APPEALS AND ERRORS—*necessity of exceptions to vacation of order after term has passed.* Where an order awarding a writ of mandamus is made under mistake of fact that the respondent has not pleaded, the petitioner cannot complain of an order vacating the original order after the term has passed where no exceptions to the vacating order are presented to the Appellate Court.

2. APPEALS AND ERRORS—*when vacation of order after term has passed is waived.* When an order awarding a writ of mandamus is made under a mistake of fact that the respondent has not pleaded, and is vacated by an order after the term has passed, the entry of the vacating order is waived by the petitioner withdrawing his replication, demurring to the pleas, and appearing and arguing the demurrer.

3. MANDAMUS—*when order awarding writ may be vacated after term has passed.* Where a demurrer to pleas to a petition for a writ of mandamus is overruled and an order awarding the writ recites that the respondent has failed to plead, it would seem that the order may be vacated after the term has passed by reason of its entry under a mistake of fact.

4. MANDAMUS—*necessity of demanding license to practice medicine.* Where pleas in mandamus to compel the State Board of Health to issue a license to practice medicine deny that a demand for a license was made, additional pleas reciting that the petitioner has been guilty of unprofessional conduct, and that he has not passed the examination required do not show, on demurrer, that a demand would have been futile.

5. MANDAMUS—*license to practice medicine cannot be obtained without passing examination.* On a petition for a writ of *man*

damus to compel the State Board of Health to issue a license to practice medicine, pleas that the Board has passed a rule, under the act by which it was appointed, requiring applicants to take an examination and to answer a certain percentage of the questions correctly, that the board has passed a resolution abrogating its discretionary power to grant a license without an examination, and that the petitioner has not passed an examination, are good on demurrer.

6. Mandamus—*when unprofessional conduct will preclude granting of licenses to practice medicine.* In a petition for a *mandamus* to compel the State Board of Health to issue a license to practice medicine, a plea that the petitioner has twice been convicted of practicing medicine without a license, reciting the facts in connection with the second conviction, is good on demurrer.

Appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

Harry L. Strohm, for appellant.

Charles Alling, Jr., for appellee; Charles G. Hoffman, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County, rendered January 25, 1910, dismissing the petition of appellant, plaintiff below, at his costs, in which petition he prayed for a writ of mandamus commanding appellee, defendant below, to issue to him a certificate licensing him to practice medicine and surgery in all its branches within the state of Illinois.

The facts of this case, as disclosed from the record, are as follows: On March 31, 1905, plaintiff filed his said petition in which he alleged, substantially, that he was a naturalized citizen of the United States and a resident of Cook county, Illinois, that after completing a course of study in Switzerland and after coming to this country he began the practice of medicine and

430    APPELLATE COURTS OF ILLINOIS.

Orsinger v. State Board of Health of Illinois, 172 Ill. App. 428.

surgery in La Salle county, Illinois, in January, 1872, that subsequently he completed the course of study required by the ''College of Medicine and Surgery of Chicago,'' that said college at the time of his graduation therefrom was duly incorporated under the laws of this state and adjudged by defendant to be an institution in good standing and in fact was an institution in good standing; that in May, 1904, he made application in writing to defendant, in conformity with the then existing act regulating the practice of medicine in this state, for a license; that at the time of making said application he was the lawful possessor of a diploma of said college and was of good moral character, that defendant unjustly, arbitrarily and without authority of law refused to issue to him said license unless he should pay an examination fee and appear for examination upon such subjects and topics, the knowledge of which was generally required of candidates for the degree of doctor of medicine by reputable medical colleges, that because of such unlawful refusal of defendant he was prevented from exercising the rights and privileges pertaining to the degree of doctor of medicine and by virtue of the powers vested in said college upon those who had completed the course of study required by it and had passed a satisfactory examination and had been recommended by it as qualified to practice medicine and surgery, and that because of such refusal he had been deprived of rights to which he was lawfully entitled. To this petition an answer, in the form of five separate pleas, was filed by defendant, April 15, 1905, in which it was alleged, substantially, (1) that petitioner ought not to have said writ because no demand has been made upon defendant to grant petitioner such a license at any time, except that petitioner has at one time requested of defendant the privilege of an examination for the purpose of obtaining a license, but that at no time was any application made to obtain a license without examination; (2) that no application has been made by

petitioner to defendant to obtain a license therefrom to practice medicine in this state; (3) that defendant passed a rule prior to July 9, 1904, under the act by which it was appointed, requiring all persons who desired a license to pass an examination upon the presentation of a diploma from a medical college in good standing, and requiring that the applicant have a credit equal to 75 per cent. upon the questions propounded and answers thereto upon markings made by the examiners, that in July petitioner requested an examination which was granted, that upon such examination petitioner received less than the required 75 per cent., and that petitioner has not since passed an examination with a rating equal to said 75 per cent.; (4) that petitioner has been guilty of unprofessional conduct in that he has been practicing medicine in this state without a license since his last examination by defendant in October, 1904, upon which second examination petitioner failed to receive said required 75 per cent.; that petitioner thereafter practiced medicine in this state, whereupon defendant prosecuted him and obtained a judgment against him (being for a second offense) for the sum of $200, on March 24, 1905, before a justice of the peace in Chicago, from which judgment petitioner appealed to the Criminal Court of Cook county; that prior thereto, on November 17, 1902, before the same justice of the peace, petitioner was convicted of practicing medicine without a license, whereupon petitioner obtained an injunction against defendant restraining it from collecting the said judgment which injunction was dissolved, and, a *mittimus* having been issued and petitioner having been placed in the county jail, petitioner obtained a writ of habeas corpus, but upon the hearing thereof petitioner was remanded to said jail; that petitioner, having agreed to stop practicing medicine without a license, was permitted to have an examination by defendant, said petitioner having received a diploma, as

alleged, from the "School of Physicians and Surgeons," but that he failed to pass, and thereafter he again began the practice of medicine, as above set forth, upon which he was convicted, as above mentioned, on March 24, 1905; (5) that on July 11, 1899, this defendant adopted the following resolution:

"WHEREAS section 2 of an act to regulate the practice of medicine in the State of Illinois and to repeal an act therein named, approved April 24, 1899, in force July 1, 1899, gives the State Board of Health discretionary power as to granting certificate without examination to graduates of legally chartered medical colleges in Illinois in good standing as may be determined by the board, and

WHEREAS it is evident, notwithstanding the discretionary power granted to the board, that the true intents and purposes of this act is to require all persons to prove their qualifications to the State Board of Health by passing an examination, therefore be it

RESOLVED that all applicants for a state certificate to practice medicine and surgery in the State of Illinois, who are graduates of medical colleges in good standing as may be determined by this board, shall before receiving a certificate, be obliged to pass an examination such as contemplated in section 2, of an act to regulate the practice of medicine in the State of Illinois, in force July 1, 1899;"

that said resolution was adopted at a regularly called meeting of defendant; that petitioner has never complied with the requirements of said resolution, in that he has not passed an examination by defendant for the purpose of obtaining a certificate to practice medicine in this state.

To these pleas of defendant petitioner, on June 9, 1905, filed a demurrer, stating that the same were not sufficient in law, etc., and further stating that the same failed to set out any lawful reason why defendant should not issue the said license, and that the said pleas contained facts which showed that any demand for a license would have been futile, unnecessary and would not have been complied with.

After a lapse of more than three years, during which time no action appears to have been taken by either party to the cause, on July 6, 1908, the court entered the following order:

"This cause coming on to be heard upon the demurrer to the respondent's answer,   *   *   *   after arguments by counsel and due deliberation by the court, said demurrer is overruled and leave is given peti-tioner to file replication herein instanter, and it appearing to the court that the respondent *has failed to plead herein* as required by an order of this court, on motion of petitioner's attorney it is ordered that the default of said respondent be taken, and the same is hereby entered herein   *   *   *   for want of compliance with said rule.   Thereupon, after evidence is heard in open court it is ordered that a peremptory writ of mandamus ought to issue herein; therefore, it is or-dered   *   *   *   that a peremptory writ   *   *   *   do issue herein as prayed," and that petitioner recover costs, etc.

The record discloses that on the same day petitioner, by his attorney, filed a replication to the defendant's "answer," in which he denied "each and every allega-tion of new matter set out in the answer, such as is necessary to reply thereto." Although the order for said writ was entered on July 6, 1908, the same was not issued out at the clerk's office until August 25, 1909,—a period of more than one year.   It was served on defendant's agent in Chicago on August 26, 1909. On November 20, 1909, it was ordered by the court, on motion of defendant's attorney, that said order of July 6, 1908, be set aside and vacated and the cause set for trial for November 30, 1909.   The cause again coming on to be heard on December 4, 1909, *upon motion of the petitioner* to withdraw his replication to said answer of the defendant and for leave to demur to said an-. swer, it was ordered that petitioner be permitted to withdraw his said replication and to file a demurrer thereto within three days.   On December 7, 1909, peti-

434      APPELLATE COURTS OF ILLINOIS.

Orsinger v. State Board of Health of Illinois, 172 Ill. App. 428.

tioner filed his demurrer substantially on the following grounds, (1) that said pleas are not sufficient in law, etc.; (2) that the same fail to set out any lawful reason why defendant should not issue to petitioner the certificate or license prayed for, because, (a) the denial of defendant, in the first and second pleas, of a demand by plaintiff for such a certificate or license is abrogated by defendant's subsequent admissions of conduct on its part, constituting an equivalent to a positive refusal to issue said certificate or license; (b) the fact that less than 75 per cent. was given plaintiff on certain examination papers in examinations exacted by defendant, but not required by law, constitutes no defense to plaintiff's petition; (c) the fact of a judgment being rendered against petitioner, at the suit of defendant who refused to issue a certificate to plaintiff, finding plaintiff guilty of practicing medicine without a license, does not constitute unprofessional conduct as prescribed by law; (d) the fact that, while plaintiff was in prison and under duress, at the instigation of the defendant, he promised defendant to stop the practice of medicine and submit to another examination for a license, constitutes no defense to plaintiff's petition; (e) the fact of the adoption by defendant of certain resolutions, set out in its fifth plea, which is in derogation of the statutes of this state, constitutes no defense to said petition. It is to be noticed that this demurrer of plaintiff is practically the same, although set forth more in detail, as his demurrer filed June 9, 1905, and which the court, on July 6, 1908, overruled and allowed him to file a replication to said pleas instanter.

On January 20, 1910, arguments were had before the court on said demurrer and the court overruled the same and gave leave to plaintiff to file his replication within three days. On January 25, 1910, the cause again coming on to be heard *on motion of the plaintiff* to vacate the order entered on January 20, said motion was allowed, whereupon the court, after hearing

further arguments on said demurrer of plaintiff, over-ruled the same, and, plaintiff electing to stand by his demurrer, the court ordered ''that plaintiff take nothing by the aforesaid action and that said petition be dismissed and that judgment for costs be entered against plaintiff,'' whereupon plaintiff prayed for and perfected this appeal.

It is first contended by counsel for appellant that the court erred in setting aside, on November 20, 1909, after the term had passed, the said order of July 6, 1908, which granted to plaintiff a peremptory wri† of mandamus as prayed. We are of the opinion that this order of July 6, 1908, was entered by the court by reason of a mistake of fact. The order on its face recited that ''the respondent has failed to plead herein,'' whereas, as a matter of fact appellee (respondent) had filed an answer or pleas to which appellant had demurred and the demurrer had been overruled. As the record then stood said answer or pleas were on file and undisposed of. But, in any event, appellant is in no position in this court to complain of the entry of the order of November 20, 1909, because no exceptions thereto have been presented to this court. St. Louis, etc., Ry. Co. v. Union Bank, 209 Ill. 457; Domitski v. American Linseed Co., 221 Ill. 161; People v. Chicago, etc., Ry. Co., 243 Ill. 221; People v. Mills, 247 Ill. 620. Furthermore, it appears from the record that on December 4, 1909, after the entry of the order of November 20, 1909, setting aside and vacating said order of July 6, 1908, plaintiff moved the court for leave to withdraw his replication, filed July 6, 1908, and to demur to the pleas or answer of the defendant, and he afterwards appeared and argued said demurrer. We consider this a waiver of the point here made. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61, 83; Hartford Fire Ins. Co. v. Northern Trust Co., 127 Ill. App. 355.

It is next contended by counsel for appellant that the court should have sustained appellant's last de-

murrer to said answer or pleas. By the demurrer appellant admitted such facts contained in said answer or pleas as were well pleaded. Considering such facts, and in view of the provisions of the act "To regulate the practice of medicine in the State of Illinois, and to repeal an act therein named" (Approved April 24, 1899. In force July 1, 1899) which were in force when appellant, as appears from said answer or pleas, took his said examinations and failed to pass, we are of the opinion that the court properly overruled said demurrer and, upon appellant's electing to stand by the same, properly dismissed said petition at appellant's costs. People v. Illinois State Board of Dental Examiners, 110 Ill. 180; People v. Henry, 236 Ill. 124, 127.

The judgment of the Circuit Court is affirmed.

*Affirmed.*