(No. 13797.—Reversed and remanded.)

THE PEOPLE *ex rel.* Guy M. Wallace, County Collector, Plaintiff in Error, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.* Defendants in Error.

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*

1. DRAINAGE—*when release from original assessment is not sufficient objection to assessment for current expenses.* Whether or not drainage commissioners have authority to compromise an assessment of the original benefits in the organization of a drainage district, a release executed by the commissioners in making such a settlement cannot be made the basis of an objection to a subsequent assessment for current expenses and for the construction of bridges, where the release specifically provides that it shall not affect or prohibit additional levies for repairs and current expenses.

2. SAME—*defense of res judicata to application for judgment for delinquent assessment must be presented to trial court.* Although the defense of *res judicata* to an application for judgment for a delinquent drainage assessment may be a meritorious defense, if the question is not presented to the trial court by the written objections there filed it cannot be urged for the first time in the Supreme Court.

WRIT OF ERROR to the County Court of Saline county; the Hon. W. W. DAMRON, Judge, presiding.

J. B. LEWIS, State's Attorney, and KANE, WHEATLEY & SCOTT, for plaintiff in error.

CHARLES P. HAMILL, (JOHN J. PARISH, and MILEY & COMBE, of counsel,) for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ is prosecuted to review a judgment of the county court of Saline county sustaining an objection of defendants in error to an assessment levied by the Rector Special Drainage District, a district in the counties of Sa-

line and Hamilton organized under the Farm Drainage act. The assessment in question was a special ·assessment based upon the annual levy made for the purpose of taking care of the current expenses and for the purpose of building two bridges across the public highways. No part of the assessment in question was levied to pay for the original construction of the drainage district.

Plaintiff in error made application for judgment and defendants in error filed eleven objections. The first ten objections were overruled, and the action of the county court in this regard is not before us for review. The eleventh objection was as follows: "The classification of the objectors is contrary to the terms of a release executed by the commissioners of said district on October 14, 1913, which release is recorded in book J, page 440, of the clerk of the county court of Saline county, reference to which ·is hereby made, whereby said commissioners of said district released the said objectors from all claims and demands on account of classification of said objectors as liable for one-seventh of the cost of the said improvement." It was this objection which the court sustained, and the issue presented by it is the only question before us for review.

The drainage district in question was organized in 1910 and the original assessment was for $78,234.36. Classification was made of all.the lands in the district, including the right of way of defendants in error. One-seventh of the benefits was assessed against the right of way, the amount being $12,050.66. This was divided into ten annual installments, and when the first installment became due defendants in error filed objections to the installment and a settlement and compromise of the litigation was made whereby defendants in error paid $8000 in cash in full settlement of the original benefits assessed against them. The release specifically provided: "It being understood that this release shall not affect or prohibit any additional levy for repairs or otherwise to be made in the future, if it should

become necessary for such to be made." It is contended by the plaintiff in error that the commissioners had no authority to make this settlement and that the release is void. We do not consider that a determination of this question is necessary for a decision of this case and therefore do not decide the point. Whatever effect the release had with respect to the original assessment, it did not apply to the assessment now before the court. That assessment had not been made and was not before the parties when the compromise was effected. Furthermore, the release specifically provides that it shall not affect or prohibit additional levies for repairs and current expenses.

Similar objections were filed in 1919 to a special assessment for current expenses and the county court sustained the objections. No appeal was taken from this judgment, and defendants in error contend that it is *res judicata* of the questions here presented. If this defense to the application for judgment had been presented to the county court it would have had merit, (*Markley* v. *People,* 171 Ill. 260; *People* v. *Locklin,* 273 id. 106;) but the question was not presented to the trial court and cannot be urged here for the first time. (*People* v. *Chicago, Indianapolis and St. Louis Short Line Railway Co.* 243 Ill. 221.) When objections are made in the trial court in cases of this character the trial is had upon the points raised by such objections, and the presumption is that all else is admitted to be correct and free from objection. No question is presented for consideration in this court that was not presented by the written objections filed in the trial court. (*Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351; *People* v. *New York Central Railroad Co.* 296 id. 187.) The question here presented is similar to the question presented in *Chicago Theological Seminary* v. *People,* 189 Ill. 439, and the effect of that decision is to defeat the contentions of defendants in error.

The county court erred in denying judgment in favor of plaintiff in error. The judgment is therefore reversed and the cause remanded to the county court of Saline county, with directions to enter judgment for the full amount of the special assessment.

*Reversed and remanded, with directions.*

---

(No. 13801.—Judgment affirmed.)
THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* ANN E. KEAN, Appellant.

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*